## HORAN AND OTHERS V. LONG.

*Quere?* Whether a replication is admissible, without being filed as an amendment, by permission of the Court.

Where there has been a settlement of accounts, in writing, (in this case it was under seal,) that settlement cannot be attacked by the mere allegation of errors, in computation or otherwise, although the errors be distinctly specified ; but the allegations must charge fraud, or mutual mistake.

See this case as to what amounts to an allegation of fraud.

It seems that where there is a mistake in a contract against which relief would be granted, the party should seek relief without delay, as soon as the mistake is discovered, and not wait until there is an attempt to enforce the contract.

Where an auditor's report furnishes no evidence, the Court may so instruct the jury.

Appeal from Travis. The allegations in the answer were, that the note was given in the settlement of the partnership concerns; that the books showed an error in the settlement, specifying what the error was ; that there were errors in additions ; that some items were left out of the settlement which ought to have been charged to Long, specifying them, and some things not on the books at all, which ought to have been charged to Long, that Long, being the better penman, kept the books. There was no statement of facts ; but there was a bill of exceptions to the ruling of the Court, excluding the books of the partnership which were offered by the defendants to prove the mistakes alleged in the answer, accompanied with an offer to prove that the books were kept by Long. The other facts will be found in the opinion of the Court.

*Megginson & Robards*, for appellants. I. There was no leave to the plaintiff to amend. (Hart. Dig. Art. 693 ; Cartwright v. Chabert, 3 Tex. R. 261 ; Danzey v. Smith, 4 Tex. R. 411 ; Hardy v. De Leon, 5 Tex. R. 211 ; 2 Tex. R. 541.)

II. The testimony offered by the defendants ought to have been admitted. Although neither fraud nor mistake is ex-

pressly and in terms, charged, the averments of the answer, if true, show constructive fraud or mistake or both, in the settlement, and entitled the defendants to relief. (Farnam v. Brooks, 9 Pick R. 212, 236–252; Collyer on Part. Sec. 372; 2 Story, Eq. Pl. Sec. 802; Danl. Ch. Prac. 764.)

*J. A. & R. Green*, for appellee. I. The want of a statement of facts is a fatal objection to the appellant. (1 Tex. R. 77; Id. 192; Id. 475; 4 Id. 120; Id. 371; 5 Id. 510; Id. 512.)

II. But the Court did not err in excluding the evidence, offered by defendants. Horan was estopped by his deed. No allegation of fraud, accident or mutual mistake. (Story, Eq. Sec. 151–155.) The answer should have been sworn to. (Hart. Dig. Art. 710.)

III. There was leave to file the amendment, filed by plaintiff. The first paper objected to, was filed as a replication, and did not require leave. (Underwood v. Parrott, 2 Tex. R. 168.)

LIPSCOMB, J. A copartnership, in the sale of merchandise, had existed between the appellant Horan, and the appellee, Long. It appears, from an agreement under seal, executed by both, that the appellant purchased out all the interest of the appellee, in the mercantile concern, assuming the payment of its liabilities. For the purchase, appellant paid some money, and to secure the balance, gave his two notes with O'Brien and O'Connell, as sureties. The two notes falling due at different times, the first note was paid, and a part of the second; but, not being fully paid, the suit was brought. The appellant Horan, in his answer, claimed that there was a mistake in the settlement, and that appellee had not charged himself, in the settlement, with indebtedness on his own personal account, that ought to have been charged; but he does not allege fraud, nor that there was any mutual mistake.

There was a replication, setting up the agreement under seal, of the parties, by way of an estoppel, and asking the reference of all the transactions of the firm, to an auditor.   This was afterwards annulled, on his motion, by striking out all that part of the replication, that prayed the reference to an auditor.   The Court afterwards, of its own motion, appointed an auditor.   The appellee also, again replied the contract of settlement, under the seal of the parties, as an estoppel, and prayed the judgment of the Court thereon.   The Court refused to decide upon the estopel, leaving it to go to the jury, under the direction of the Court.   There was a report made by the auditor, but imperfect and unsatisfactory, stating however, that nothing could with certainty be obtained from the books of the firm, to show, precisely, the state of the accounts between the parties.   The cause was submitted to the jury, under a charge of the Court, that the auditor's report and the books must be disregarded by them in considering of their verdict.

If the contract, under the seal of the parties, amounted to an estoppel, there was no error in the direction of the Judge. The appellant contends that the estoppel must be disregarded, because it does not appear to have been filed as an amendment, under the sanction of the Court.   This objection would, perhaps, be considered well taken, if it did not appear that it had been acted upon by the Court, and decided that it should go to the jury under its instructions.   This was a recognition of it, and supplied the necessity of an entry that it had been filed with the consent of the Court.

If this contract amounted in the opinion of the Court, when directing the jury, to an estoppel, it would follow, of course, that the jury should disregard the evidence of the appellant; and this brings us to the consideration, whether the appellants were estopped from opening the settlement made, and witnessed under their hands and seals.   The proposition will not be controverted, that, to enable the appellants to open and go outside of the contract, it must be done on the ground of fraud or mistake; and this must be so averred by them, as to admit

evidence in support of such charge.   In the answer, there is
no pretence of fraud on the part of the appellee, in procuring
the contract.   A mistake is averred ; but not a mutual mis-
take of the parties.   If a fact material was known to one, and
not the other, its suppression would have been a fraud.   It
would seem, that to afford equitable grounds of relief, upon
the head of mistake, the mistake should be mutual, and both
parties equally innocent, as was said by the late Mr. Justice
Story.   " Where each party is equally innocent, and there has
" been no concealment of facts, which the other party has a
" right to know, and no surprise or imposition exists, the mis-
" take or ignorance, whether mutual or unilateral, is treated
" as laying no foundation for equitable interference; it is
" strictly *damnum absque injuria*." (Story's Equity, Sec-
tion 151.)

The answer showed no grounds for letting in testimony,
to entitle the party, on principles of equitable jurisprudence,
to disturb the settlement made by the parties themselves.—
Courts of law always refuse to hear parol testimony, to vary
or alter the sense of a contract in writing, or in other words,
written testimony.   Courts of equity will let in such testimo-
ny, but it is always cautiously done, under some head of equit-
able jurisprudence; and it always requires it to be fully and
clearly proved, to vary and control an executed contract.

To consider the answer in the nature of a cross bill, there
seems to be substantial objections to it.   If it were admitted
that there had been a mistake, the party ought to seek the cor-
rection, without delay, as soon as the mistake is discovered,
whilst all the circumstances are supposed to be fresh and more
easily proved.   He does not allege, in this case, at what time
he discovered the supposed mistake ; but he was slow in
finding it out.   He had made the cash payment under the
contract, and paid the first note and part of the last one falling
due ; and nothing is said about this mistake, until sued for
the balance.   It is a little extraordinary, and hard to be be-
lieved, that he was then awaked to the fact, that there had
29

been a mistake in the settlement of the affairs of the firm, when the books were always at his command. We think, on the whole, that although the Court below embarrassed the case some, by ordering a reference to the auditor, yet that in its final judgment there is no error in excluding the report and the books, from the jury, as their effect would have been, to control the contract of the parties, under seal, without alleging a fraud or such mistake as would afford any ground of equitable relief; and the judgment is affirmed.

Judgment affirmed.