DELHA EASTHAM, EX'R, ETC., v. JAMES M. RANDOLPH.

(No. 1895.)

APPEAL from Walker County. Opinion by WHITE, P. J.

McKINNEY & LEIGH, counsel for appellant.

BENJ. CAMPBELL, counsel for appellee.

§ 115. *Pleadings in justice's court and on appeal; fraud and mistake; pleading as to; case stated.* On May 16, 1885, appellant sued appellee in justice's court upon an account for $99.82, for goods, etc., sold him by her testator, B. Eastham, during his life-time. Appellee admitted the correctness, etc., of the account, but pleaded in offset thereto an overcharge made in the settlement of a prior account between B. Eastham, the deceased, and himself, whereby appellee had been overcharged the sum of $105.24, and which sum he alleged he paid to said B. Eastham December 5, 1882. Exception to this plea was filed by appellant and was overruled. The exception was that the plea did not allege either mistake or fraud. In justice's court judgment was rendered in favor of appellee for the excess of the alleged overcharge over the account sued on. Appellant appealed to the county court, and there again insisted upon the exception to the plea, which exception was again overruled, and judgment again rendered for appellee for said overcharge in excess of said account, and for costs. *Held:* There is no question but that the exception to the plea would have been good in a forum where the pleadings are required to be in writing and full. The proposition will not be controverted that, to open up a settlement, "it must be done on the ground of fraud or mistake, and this must be so averred as to admit evidence in support of such charge." [Horan v. Long, 11 Tex. 230.] When, however, the suit is in a justice's court, where all the pleadings are oral, such particularity, even after appeal to the county

court, is not required. [R. S. art. 1573.] There was no error, therefore, in overruling the exception to the plea.

§ 116. *Limitation; statute of, against an account due an estate.* It will be noted that, from the time appellee claims to have paid the overcharge to the time of filing his plea setting up the same in set-off, more than two years had elapsed. The claim for the overcharge was therefore barred by limitation, unless the running of the statute had been suspended for a sufficient length of time to prevent the bar by the failure of the executrix to qualify as such. [R. S. art. 3218.] We presume that such suspension existed, or the executrix would doubtless have interposed the plea of limitation in bar of the set-off.

§ 117. *Mistake; when it will not be relieved against.* But, whilst limitation may not have barred appellee's claim, his answer set up an equitable defense only, and it is upon equitable grounds alone that his defense can be maintained. No fraud is set up. A mistake which equity will relieve against must ordinarily be a mutual one. It is not claimed that the mistake which appellee is seeking relief against was a mutual one. It has been said in Horan v. Long, 11 Tex. 233, "if it were admitted that there had been a mistake, the party ought to seek the correction without delay, as soon as the mistake is discovered, whilst all the circumstances are supposed to be fresh and more easily proved;" and, speaking with reference to the facts of that case, it is further said: " He does not allege, in this case, at what time he discovered the supposed mistake; but he is slow in finding it out. He had made the cash payment under the contract, . . . and nothing is said about this mistake until he is sued for the balance. It is a little extraordinary, and hard to be believed, that he is then awakened to the fact that there had been a mistake." In the case under consideration, appellee claims to have discovered the mistake in a short time after he had paid the account, but he takes no steps to have it corrected; but makes a new

account with Eastham, and, after Eastham's death, and when appellant, as executrix, calls upon him for a settle-ment of the last account, he claims for the first time the overcharge pleaded in this suit, which overcharge occurred, according to his own statement, in a settlement made with deceased two years or more prior to his plea. As remarked by our supreme court, this "looks a little extraordinary and hard to believe." At all events, his acts show a degree of laches against which equity, when the appeal is solely to equity, ought not to relieve him. Under the facts as presented in this record, we think, in equity, by reason of his own laches, appellee is estopped from setting up such claim at so late a day.

§ 118. *Transaction with deceased person; party cannot testify as to.* It appears by a bill of exceptions saved by appellant that appellee was permitted to testify on the trial, with reference to the alleged overcharge, that " he called B. Eastham's attention to the matter." It was objected that this testimony was inadmissible, because it is provided by statute that, "in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party," etc. [R. S. art. 2248.] Construing this statute, and giving the reason for its enactment, it is said in Parks v. Caudle, 58 Tex. 216, that " the statute had in view primarily a transaction between parties, one of whom had since died, and whose heirs or representatives were engaged in a suit with the survivor. As to such a transaction, neither party was allowed to testify. The survivor should not, because the mouth of the other party to the transaction was forever closed." We are of the opinion that the rule of the statute was infringed by permitting the appellee to testify that, a few days after the discovery of the overcharge, he had called B. Eastham's attention to it. This was a statement of " a trans-

action" between the dead man, whose mouth was closed, and appellee, and it is the only evidence in the record which is in the slightest degree calculated to relieve appellee of laches in the matter, and was therefore material.

February 24, 1886.          Reversed and remanded.