*Reversed and remanded.*

Judges all present and concurring.

---

### ED. JORDAN V. THE STATE.

*No. 7117.  Decided June 10.*

1. **Failure of Defendant to Testify in His Own Behalf, Allusion to in Argument.**—The failure of a defendant to testify in his own behalf shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause. Any allusion to such failure by counsel is strictly prohibited, and will be reversible error when presented by proper bill of exception. Absolute silence in the argument as to such failure is enjoined.

2. **Evidence — Principal Offenders as Witnesses. —** Where two persons are jointly charged by information with a misdemeanor they are not competent witnesses in each other's behalf pending such charge, nor after conviction until the punishment imposed has been discharged.

APPEAL from the County Court of Clay. Tried below before Hon. Ben F. Turner, County Judge.

This conviction is for adultery, the punishment assessed being a fine of $100. Defendant and Florence Hamilton were jointly charged with the offense by information. Defendant alone was put upon trial.

The opinion states the case as to the questions decided.

*Swan & Swain,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State, confessed error.

DAVIDSON, JUDGE.—By a bill of exceptions duly reserved the appellant shows that the county attorney in his opening argument said, in substance: "The law allows the defendant to testify for himself, but if he fails to do so the law says that I shall not comment upon his failure to testify in his own behalf; but it does not preclude me from commenting upon the failure of the defendant to put Florence Hamilton on the stand as a witness." Our statute provides that "hereafter any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be allu-

ded to or commented upon by counsel in the cause." Gen. Laws of 1887, p. 37.

By the terms of this statute any and all allusions by counsel to a defendant's failure to testify in his own behalf is strictly prohibited. When a defendant does not testify in his own behalf this statute enjoins absolute silence on the subject in so far as the argument is concerned. Hunt v. The State, 28 Texas Ct. App., 149.

The comments of the county attorney require a reversal of the case, and the Assistant Attorney-General frankly confesses this error.

It may be also remarked that inasmuch as Florence Hamilton was jointly indicted with defendant she could not testify for him nor in his behalf as long as she was so indicted, nor until she had paid her fine and costs in case of her conviction. Code Crim. Proc., art. 737.

For the above indicated errors the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.