## CITY OF DALLAS v. J. H. BEEMAN.

Delivered February 5, 1898.

**1. Damages Against City—Constitutional Law.**

One who consents to the cutting of a ditch over his property by a city can not recover damages therefor, whether or not he agreed to look to other parties for his damages; article 1, section 17, of the Constitution, which provides that no person's property shall be taken for public use without adequate compensation, unless by his consent, being sufficiently met by the consent, irrespective of such agreement.

**2. Same—Pleading Payment.**

A city sued for damages by cutting a ditch through plaintiff's land must, where it relies on part payment of the damages having been made by a private person, plead such payment in defense.

**3. Parol Evidence—Minutes of City Council.**

Parol evidence that the term "received and filed," occurring in the minutes of the secretary of a city with regard to a report of the city engineer, meant the same as if it had been "received and adopted," is inadmissible, where by statute such minutes are raised to the dignity of records.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*A. P. Wozencraft* and *T. A. Work,* for appellant.

*M. M. Parks* and *W. L. McDonald,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted October 1, 1889, by J. E. Beeman, a resident of the city of Dallas, Texas, against the city of East Dallas, a municipal corporation duly incorporated under the general laws of the State of Texas for cities and towns of under 10,000 inhabitants. March 21, 1890, plaintiff filed his first amended original petition and made the city of Dallas a party to said suit. February 22, 1894, plaintiff filed his second amended original petition, on which he went to trial. In said petition plaintiff alleged that the city of East Dallas was merged into the city of Dallas by a special act of the Twenty-first Legislature of the State of Texas, under an act entitled "An act to provide for the repeal of the charter of East Dallas and the annexation of the territory thereof to the city of Dallas." That under and by virtue of said act the city of East Dallas ceased to exist and became merged in the city of Dallas on January 1, 1890. That by the terms of said law or special act all public property, real, personal, and mixed, belonging to the said city of East Dallas on the 1st day of January, 1890, became on said date vested in the city of Dallas, and from said date made subject to the control, management, and disposal of said

city of Dallas; that said special law provided that the city of Dallas should assume and pay all the lawful debts which might exist against the said city of East Dallas on the 1st day of January, 1890, and that said city of Dallas should receive from the city of East Dallas all property of every kind belonging to the city of East Dallas, and that all taxes levied and assessed by the city of East Dallas, and not collected prior to the 1st day of January, 1890, should be collected for the benefit of the city of Dallas. That said city of Dallas is authorized and empowered by said special act of the Legislature to levy a tax upon the property and other objects of taxation within the limits of the former city of East Dallas sufficient to pay all debts that may exist against the said former city of East Dallas. That by reason of said act and said merger thereunder the city of Dallas became liable to pay the plaintiff his damages claimed in the original petition filed against the city of East Dallas, October 1, 1889.

That the city of East Dallas, on the —— day of February, 1889, acting within the scope of its corporate powers, and for the purpose of straightening the channel and changing the course of Mill Creek in the corporate limits of the city of East Dallas, and across Elm Street, and for the purpose of improving said Elm Street, the property adjacent thereto, and the water drainage and the sanitary condition of said city, did enter upon a lot of ground of plaintiff's with its teams, officers, agents, and servants, and unlawfully and forcibly take possession of and convert to its own use said lot, by digging a ditch or channel of great depth, to wit, fifty feet, and through the entire length of plaintiff's lot, and thereby causing Mill Creek to run through said lot, and deflecting it from its natural channel and destroying plaintiff's blacksmith shop, to plaintiff's damage $2000, and rendering plaintiff's property almost worthless and its beauty destroyed.

On February 8, 1894, defendant filed its second amended original answer, in which it pleaded general demurrer, special exceptions, general denial, and specially pleaded (1) if plaintiff ever suffered any damages by reason of the digging of said ditch, which defendant denied, that it was caused by the acts of private parties. That said private parties were not acting under or by virtue of any authority from the city of East Dallas, but did said work by private subscription among themselves for their own private benefit; that the same was fully agreed to by plaintiff; that said work was done altogether on private property, over which the city of East Dallas had no control, and over which it did not attempt to exercise any control; and (2) that plaintiff is estopped from asserting any claim therefor, for that plaintiff was at the time of doing said acts an officer of said city of East Dallas; that plaintiff knew at the time of the act that it was being done and that it was not authorized by the city of East Dallas, but was being done by private parties for the benefit of their property and totally at the expense of said parties; that it was agreed to between plaintiff and said private parties that said ditch was to be dug and that plaintiff was to be paid $500 therefor, and

that plaintiff stood by and saw said work done and never attempted to stop said work; and (3) that if said ditch was dug by authority of said city of East Dallas, which was expressly denied, that it did not injure said property, but on the contrary greatly benefited same.

On February 24, 1894, plaintiff filed his first supplemental petition, alleging that if said work was not done by authority of the city of East Dallas, that said city had notice that same was being done and fully ratified same and accepted the benefit thereof.

Trial of the cause before a jury resulted in a verdict and judgment in favor of plaintiff for $500, with interest, in all amounting to the sum of $756 to date of said judgment. From this judgment the city of Dallas has duly prosecuted its appeal.

Appellant's first assignment of error and propositions thereunder complain of the charge of the court, wherein the court, after instructing the jury as to plaintiff's case and under what circumstances plaintiff could recover, charged them: "And if you find that plaintiff was damaged by such cutting, then and in that event you will find for the plaintiff, unless you find that the plaintiff at the time of cutting said ditch consented thereto and agreed to look to other parties for his damages resulting from such cutting."

The contention is, that under this charge the jury are required to find that the plaintiff not only consented to the cutting of the ditch, but also agreed to look to other parties for his damages, when the law is that if the plaintiff *consented* to the cutting the city would not be liable. This contention calls for a construction of article 1, section 17, of the Constitution, which reads: "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and when taken, except for the use of the State, such compensation shall be first made or secured by a deposit of money." Plaintiff's right to recover is based upon this clause of the Constitution. The petition does not seek to recover because of the negligent and improper construction of the ditch; but alleges that the city cut the ditch, and that plaintiff has been damaged thereby.

This section of the Constitution has been construed by this court in the case of City of Texarkana v. Talbot, 7 Texas Civil Appeals, 202. That was a suit by Talbot against the city of Texarkana for damages for grading a street in front of his property in such a manner as to decrease the value of his property abutting upon Maple Street. Talbot had signed a petition to the city council requesting the city to establish and construct the grade of said street. In that case Judge Finley, speaking for the court, says: "When the plaintiff signed and presented his petition to the city council praying for the fixing and construction of the grade upon Maple Street, he consented, in the meaning of the Constitution, to all such damage as was incident to a proper and skillful construction thereof, and could only recover for injuries resulting from

negligence of the city in constructing the work consented to by plaintiff. Absolute right to compensation provided for by the Constitution no longer existed after he consented to the work, and his rights must be determined under the common law."

The principles above announced are applicable to this case. The consent of the owner in order to estop him from recovering must be a full consent on his part that the particular work may be done. If in this case Beeman gave his consent to the cutting of the ditch, and, relying upon such consent, the ditch was properly and skillfully cut, he can not recover damages under this section of the Constitution, but would be relegated to his common law remedy, and required to allege and show that the work was not properly and skillfully done. Again, if he gave such consent, it becomes immaterial whether or not he agreed to look to other parties for his damages. Where parol evidence is relied upon to prove consent, the evidence should fairly establish the fact.

The fourth assignment of error complains of the court's refusal of a special charge requested by defendant, to the effect that if the jury found that the plaintiff received part compensation for his damages done by the cutting of said ditch from private parties, then in the event they found for plaintiff, to deduct from the damages found for plaintiff any sum they may find he has so received.

If the defendant relied upon part payment of the damages done to plaintiff, it should have pleaded the matter. This defense is in the nature of a confession and avoidance, which defense must be pleaded. The court did not err in refusing this charge.

Appellant's fifth assignment of error complains of the action of the court in permitting plaintiff's witness D. M. Spence to testify, over the objection of the defendant, "that the city council of the city of East Dallas meant to adopt the report of the city engineer, E. L. Lambert, when they used the words 'received and filed,' because said witness had not qualified as an expert parliamentarian, because the construction of the language used was a question of law for the court, and because said statement was only a conclusion of the witness."

E. L. Lambert was city engineer of the city of East Dallas. He superintended the digging of the ditch as a channel for Mill Creek. The city contends, and the testimony of the witnesses for the city tends to show, that in doing so he represented private parties and was not acting for the city. He reported to the city council of East Dallas that the channel of Mill Creek on Elm Street was completed at a cost of $763.15. The minutes show that the report was "received and filed." The plaintiff introduced the witness Spence, who testified that he was secretary of the city of East Dallas at the time this report was made, and that it was his duty to keep a record of the proceedings of the city council. He says: "I kept the minutes correctly. I know what the city council of the city of East Dallas meant by the use of the terms 'received and filed.' The city council meant by the term 'received and filed' the same as if they had said 'received and adopted.' " This evidence was objected

to by the city, as set out in the above assignment of error, and the objection overruled.

The city of East Dallas was incorporated under title 58 of the Revised Statutes of this State for the incorporation of cities and towns of less than 10,000 inhabitants. Under this law (Revised Statutes, article 408) the city secretary is required to attend every meeting of the city council and to keep accurate minutes of the proceedings thereof. By this statute the minutes of the city council are raised to the dignity of records, and the law in reference to the proving of records applies. Dill. on Mun. Corp., secs. 299, 300. Can parol evidence be introduced to change or contradict the records? This is not a case where the council has acted and there has been a failure to record the matter. Such was the case in San Antonio v. Lewis, 9 Texas, 69. In that case the council had authorized an act, but the minutes, by inadvertence, failed to record it. Parol evidence was admitted to show what was done. The record was silent in that case. Not so here. The record shows the report was "received and filed." The word "filed" has a well defined meaning. It is defined by Mr. Webster "to bring before a court or legislative body by presenting proper papers in a regular way, as to file a petition or bill;" and "to put upon the files or among the records of a court; to note on a paper the fact and date of its reception in court."

In the case of Patterson v. Taylor, 15 Georgia, 484, the court defines the word "filed" as follows: "A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file."

The word "adopt" means to take or receive as one's own what is not so naturally; to select and take and approve." Webst. Int. Dic. (1896).

By the filing of the report it will be seen the city council received the report by its proper officer to be by him kept on file, but in so doing the council did not approve the report or make it its own; or, in other words, it did not *adopt* it.

The effect of this evidence was to permit the plaintiff to prove by parol evidence that by the delivery of the report of E. L. Lambert to the proper officer and his receiving it and placing it on file, the city council made the report and the matters set out in the report its own, that is, that the council adopted the report. The record could not be contradicted in this way. The court erred in admitting the evidence. The evidence was on a material and controverted issue. It was a sharply contested issue whether the city of East Dallas authorized the ditch to be dug or cut through plaintiff's property, or whether it was done by private parties not connected with the city.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.