GARDNER, Respondent, vs. AVERY MANUFACTURING COMPANY, Appellant.

*March 24—April 17, 1903.*

*Payment: Pleading.*

In an action to recover for services, where the answer was merely a general denial, defendant cannot complain of a failure to deduct from the recovery payments not admitted in the complaint.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Affirmed.*

Action commenced in justice's court to recover for services and expenses as traveling salesman, upon an express contract, as alleged in the complaint, to pay the plaintiff such sum as his services were reasonably worth, such sum as the

defendant paid other salesmen, and such sum as other corporations paid their salesmen, together with expenses. The answer was merely a general denial. On appeal trial was had before a referee, who found the contract to have been to pay plaintiff as much as he had received for similar services from other employers, which sum was $75 per month; that the plaintiff worked under that arrangement from April 8th to May 20th, inclusive, and after May 20th to about June 17th he worked under an agreement to pay his expenses, and nothing for salary unless he made sales, of which none were made. As a result of this agreement, it was found that the plaintiff earned $107.51, and expended in excess of expense money sent him $29.25, total $136.76; and had received to apply on salary, as admitted in the complaint, $63.11, and that there was a balance due him of $73.65. Upon respective motions to confirm and modify or set aside these findings, the court confirmed them, except that he found an additional payment by the defendant of $40, which he deducted, and then rendered judgment for $33.64. From this judgment the defendant appeals.

The cause was submitted for the appellant on the brief of *H. S. Merwin,* attorney, and *Geo. W. Sloan,* of counsel, and for the respondent on that of *North & Lindley* and *M. L. Lueck.*

DODGE, J. The evidence quite fully establishes the material facts found by the referee. That plaintiff was employed and did work for the period named is not substantially disputed; that the defendant agreed to pay him as much as he had been paid by previous employers, and that he had been so paid at the rate of $75 a month, is testified to by the plaintiff, and is not denied by any witness, the evidence of the defendant being confined to proof that $50 per month was the limit of reasonable value of such services. From these facts the indebtedness found by the referee results. The reduc-

tion thereof by further payments was not justified by the pleadings, for no plea of payment, in whole or in part, appears in the answer; but, as such deduction was favorable to the appellant, it need not now be reviewed. Even if the rate of compensation of $50 per month, testified to by defendant's witnesses, were adopted, still the plaintiff would have earned an amount in excess of the payments admitted in the complaint greater than the amount of the judgment, and such judgment could not be erroneous as against the defendant, although other payments might have been made which it neglected to plead.

*By the Court.*—Judgment affirmed.