## F. M. WATSON v. ADAM PARKER, ADMR.

Decided May 9, 1908.

**1.—Accounts—Settlement—Mistake—Pleading.**

In a suit upon an instrument in writing evidencing a settlement of accounts between the parties, pleading of defendant considered, and held sufficient to admit proof of mistake in the execution of said instrument, especially in the absence of special exception by plaintiff to the pleading.

**2.—Same—Unilateral Mistake.**

Equity will not grant relief against a unilateral mistake.

**3.—Same—Application of Payment.**

In the absence of an application by either party of a payment upon his account by a debtor, equity will apply the payment to the extinguishment of those items of indebtedness against which limitation might run.

**4.—Trust—Limitation.**

To set the statute of limitation in motion in favor of a trustee, there must be an express repudiation of the trust by him.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*Gross & Allen, W. E. McConnell* and *McCall & McCall,* for appellant.—Even though the instrument sued on showed a full settlement between appellant and Pallie Watson, yet the appellant having plead that there were mistakes in said settlement and that he was entitled to credits of other amounts paid for her before the date of the settlement and said pleadings not having been excepted to, the appellant was entitled to show a mistake in the settlement and that he was entitled to other credits before the date of the instrument sued, and the court erred in excluding the testimony. Kelley v. Ward, 60 S. W. 313; Farley v. Deslande, 6 S. W., 786; Gammage v. Moore, 42 Texas, 171; Harrell v. DeNormandie, 26 Texas, 121; Pom. Eq., sec. 845; Moorehouse

v. Texas Trunk Ry. Co., 17 S. W., 1086; Brown v. Sullivan, 10 S. W., 290.

Where an agent has collected money and no demand has been made by the principal for the same and no concealment by the agent that he has collected same, and no attempt on his part to conceal the fact that he has collected it, the statute of limitation begins to run from the date of the collection, or at least within a reasonable time thereafter. Sanbourn v. Plowman, 49 S. W., 639; Bonner v. McCreary, 35 S. W., 197; Munson v. Hallowell, 26 Texas, 475; Cobb v. First Nat. Bank, 42 S. W., 770; Cook v. Rives, 53 Am. Dec., 88; Rhines, Admr., v. Evans, 5 Am. Rep., 364.

Even though the defendant received moneys of Pallie Watson to be by him loaned, and held the same in trust for Pallie Watson, yet limitation would begin to run against the claim of Pallie Watson for same from the time after he had converted the same to his own use and mingled same with his own funds, that Pallie Watson learned of such conversion, or by the use of reasonable diligence on her part could have discovered same. Tinnen v. Mebane, 10 Texas, 246; Turner v. Smith, 11 Texas, 620; Hudson v. Wheeler, 34 Texas, 368; Grumbles v. Grumbles, 17 Texas, 472; Hightower v. Hester, 15 S. W., 415; Philips v. Harter, 64 Am. Dec., 635; Phillips v. Holman, 26 Texas. 280.

*Albert Stevenson* and *F. O. McKinsey,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Adam Parker, as administrator of the estate of Pallie Watson, deceased, brought suit against F. M. Watson on the following instrument: "Aledo, Texas, Oct. 24, 1890. This is to certify that I have received for management of Pallie Watson the following amounts of money and to be loaned at the best of my judgment: March 25, 1888, to cash $800; Aug. 20, 1888, to cash, $746.25; April 15, 1889, to cash, $1,478; Jan. 1, 1890, to cash, $2,147.44; May 1, 1890, to cash, $1,131.80; total amount, $6,303.49; and have advanced to her the following amounts: July 1, 1888, bill of grub at old farm, $12.85; July 9, 1889, cash, $566.50; July 20, 1890, cash, $2,939.25; total amount advanced to Pallie Watson, $3,518.60. This is a correct account except the interest that has accumulated on the money I have. F. M. Watson." Plaintiff also sought to recover certain other moneys alleged to be due the estate which he represented as the proceeds of notes and judgments and some real estate belonging to Pallie Watson in her lifetime, and which proceeds were collected by defendant. The plaintiff admitted a payment by defendant of the sum of two thousand dollars April 4, 1893, and prayed that said payment should be applied to the amount due from collections and sales and not as a credit upon the written instrument sued on and herein above set out. The defendant pleaded that he was entitled to credits for eight hundred dollars at one time and twenty-six hundred dollars at another time paid to Pallie Watson, which items should have been shown on the instrument sued on, and further pleaded the statute of limitations of four years. The trial resulted in a verdict and judgment in favor of plaintiff for $4,254.88, less a remittitur of $75, from which the defendant has appealed.

The question of controlling importance and one which requires, in our judgment, the reversal of the case arises upon the court's action in excluding from the jury the deeds for what is known as the Price and Ketchum lands to Pallie Watson in support of appellant's plea of mistake in the account sued on. These deeds were excluded on the grounds that they were "dated prior to the receipt upon which plaintiff's cause of action is based, that the writing sued on is dated October 24, 1890, and evidenced a full settlement between the parties to that time, and that defendant was bound and precluded thereby and could not go behind the same and show any payments or advancements made prior to that date, and because the pleadings of the defendant did not allege fraud or mutual mistake and were not sufficient to entitle him to go behind the settlement of October 24, 1890, and show any payments or advancements made prior to that time, and because said evidence and said deed was immaterial and irrelevant to any issue in this case.".

The issue of mistake was pleaded by appellant as follows: "And further answering specially herein this defendant says, in addition to the credits allowed to him by plaintiff in his petition, as shown by that part of same purporting to be a copy of an agreement executed by the defendant in favor of plaintiff, defendant has paid Pallie Watson at the various dates the various sums of money itemized as follows: ..............; cash for Price land, $800, which last tract of land was deeded to Pallie Watson May 1, 1890, and by oversight and mistake was not charged to her in the credits allowed defendant in the obligation sued on by the plaintiff in this cause. That defendant had paid said sum for said land out of money that had come into his hands which belonged to the said Pallie Watson and should have been credited to the defendant in the memorandum and instrument sued on ............ Amount paid to ———— Ketchum for land conveyed by deed to Pallie Watson prior to the execution of the instrument sued on and by oversight and mistake no credit was allowed to defendant in the said instrument sued on by plaintiff, the amount of which is $2,600. This defendant paid said amount for the said Ketchum land out of the money in his hands belonging to the said Pallie Watson, and should have entered a credit in his favor on said instrument for said item, but being inexperienced in business matters of such character and by mistake he overlooked making such credit in such instrument." The answer further alleged that Pallie Watson owned no property other than that received from the estate of her deceased husband, Nathan Watson, and that the amount invested in lands, including the Price and Ketchum land, together with the cash shown to have been paid to her, exceeded in amount the property received from such estate.

We are inclined to hold that the instrument sued on evidences a settlement. between Pallie Watson and F. M. Watson, and that parole evidence to surcharge or falsify it was inadmissible except upon a plea of fraud, mutual mistake, or the like. There is no allegation tending to show fraud in the settlement, but the question is whether or not the plea above set forth is sufficient under the well settled rules of equity pleading to show such mutual mistake between the parties as to authorize the admission of evidence showing such mistake. While the question is not entirely free from difficulty, we have finally concluded that

the plea is sufficient, and that the court therefore erred in excluding the deeds, which show on their face that the lands were paid for out of funds belonging to Pallie Watson, and along with which appellant offered oral evidence of witnesses other than himself to show such to be the fact, and that Pallie Watson in all respects authorized and acquiesced in the transaction. While it is true, as contended by appellee, that a unilateral mistake will not relieve appellant from his contract, it is equally as true that if the credits contended for were omitted from the settlement between appellant and Pallie Watson by mutual mistake and he has pleaded that fact, he should be allowed to prove it. It is worthy of consideration that appellee interposed no exception to the plea of appellant setting up mistake, and the rule therefore is that every reasonable intendment will be indulged in favor of the plea. The language of the plea, especially as to the Price land, is clearly and reasonably susceptible of the interpretation that the oversight and mistake by which the credits were omitted from the account sued on, were Pallie Watson's as well as appellant's.

This holding is not necessarily in conflict with that of Horan v. Long, 11 Texas, 230. In that case there was no statement of facts and, under a long line of decisions, the case could not have been reversed for the exclusion of evidence; and, besides, the exact language of the plea seeking to show a mistake is not set forth in the opinion, so that we may judge of the precise holding of the court. However that may be, we are content to rest our decision on the proposition that the language of the plea above set forth, in the absence of an exception, is sufficient to admit proof tending to show a mutual mistake between the parties such as would authorize a court in its equitable powers to grant relief in favor of one against whom such mistake has been made.

The court did not err in refusing the special charges requested upon the issue of limitations. Neither party having made an application of the two thousand dollars paid on April 4, 1893, the court should have directed its application to the extinguishment of those items of indebtedness against which limitation might run. And finally, as to the written instrument sued on, the evidence did not show such repudiation of the trust between appellant and Pallie Watson as would authorize the interposition of the statute.

For the error discussed the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*