SMITH v. TOWN OF ANSON.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 18, 1913.)

1. MUNICIPAL CORPORATIONS (§ 1013*) — CLAIMS—STATEMENT—BINDING EFFECT.

The adoption by a town council of a statement of account presented to it by the town attorney, showing a balance due to the attorney for services over and above collections made by him for the town, and the issuance of a warrant in his favor for such amount, had the same effect as an account stated struck between individuals.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2185; Dec. Dig. § 1013.*]

2. MUNICIPAL CORPORATIONS (§ 1013*)—RESOLUTION OF COUNCIL—RESCISSION.

While ordinarily a town council may rescind its previous acts before the rights of third persons have vested, after a town council had adopted an account stated presented to it by

the town attorney, showing a balance due him, and a warrant issued therefor was paid, its action could not be rescinded, in the absence of fraud, notwithstanding the claim by the aldermen that they understood their action to be a mere reception of the account.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2185; Dec. Dig. § 1013.*]

Appeal from Jones County Court; Joe C. Randel, Judge.

Action by the Town of Anson against S. J. T. Smith. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

J. W. Boynton, of Anson, for appellant. Brooks & Brooks, of Anson, for appellee.

CONNER, C. J. The town of Anson, a municipal corporation, instituted this suit against the appellant, S. J. T. Smith, to recover the sum of $513.05, alleged to have been collected by Smith as the town attorney and not accounted for. The items constituting the aggregate amount sued for were specified in a copy of a report to the town council, made by said Smith and attached to the town's petition as an exhibit. The report specified the several amounts that had been collected during the years 1910, 1911, and 1912, and further specified certain services relating to the subject-matter and commissions charged for collections, etc., a balance being struck between the items debited and credited which showed a sum of $73.44 in Smith's favor. The petition confessed liability in part only for the commissions and fees specified in the report. The defendant, among other things, pleaded that the matters at issue had been settled between the plaintiff and defendant and that his report or account already referred to embraced all of the transactions between the parties; that it had been duly accepted and adopted by the city council of the town of Anson, and the balance thereby shown in his favor duly paid. The trial was before a jury resulting in a verdict and judgment for the plaintiff in the sum of $441.80, and the defendant has appealed.

Numerous errors have been assigned, but our conclusion upon the vital question presented will sufficiently dispose of them all. It is undisputed that on September 6, 1912, the town council of Anson met in regular session with the mayor and all aldermen present, and that at this time the appellant Smith, as town attorney, submitted the report hereinbefore referred to, showing the amounts of money collected by him in behalf of the town in the way of certain taxes, debts due because of certain city improvements, interest on notes belonging to the city, etc., and also specifying as stated services performed and charges made therefor by him in the way of procuring notes, instituting suits, collections made, etc., all relating to the same general subject-matter; that by

this report it appeared that a balance of $73.44 was due appellant; that at the time stated, to wit, September 6th, the report was "received and adopted," such action being duly entered upon the minutes, which were later signed and approved. It further appears that on the next day a draft in Smith's favor for the balance stated upon the treasurer of the town was duly executed by the mayor and city secretary, which upon presentation was duly paid to appellant. It further appears, however, that the council again met on September 20, 1912, whereupon the following order was made: "By motion it was ordered to rescind the action of the preceding meeting of the council in approving a report from city attorney, S. J. T. Smith, in which were included items of service rendered the city in connection with the street improvements, notes and accounts due the city, and for commissions and fees for same." The controlling question on this appeal is whether, after the action of the council on September 6th and the subsequent payment of the balance then found to be due Smith, the council could, as it attempted to do on September 20th, rescind its former action and maintain the present suit. If it could so rescind, then we find nothing in the present record which would authorize us to reverse the judgment below. If it could not, then we think the judgment must be reversed and here rendered in appellant's favor.

[1] In behalf of appellee it is not contended that appellant's report submitted to the town council on September 6th was insufficient in form to constitute an account stated. See 1 Cyc. 372, par. C. Nor is it seriously contended that the action of the council at that time taken would not, in the absence of its cancellation, ordinarily have the legal effect of finally concluding the matters then involved. But the contention is: First, that the principles relating to a "stated account" have no application to a municipal corporation; and, second, that if so, the town council had full authority to rescind its previous action. Towns and villages of the grade of appellee may become incorporated municipalities under the terms of our statute relating to the subject, and as such, as is expressly provided (Revised Statutes, art. 1042), are "invested with all the rights incident to such corporations * * * and shall have power to sue and be sued, plead and be impleaded, and to hold and dispose of real and personal property," etc. Nothing that we find in the statutes so limits the powers of the mayor and board of aldermen in disposing of the fiscal affairs of the town as will relieve their good-faith acts in this respect from the ordinary legal consequences, or to require us to differentiate as to the subject now under consideration between an incorporated town and any other private corporation, and we find it stated in 1 Cyc. 385, that: "A debt may be converted into a stated account though one of the parties to the trans-

action is a corporation." It is further stated in a note on the same page, with citation of authorities to which we do not have access, that "public officers may bind a municipal corporation by way of an account stated." See, also, the case of St. Louis Gas Co. v. City of St. Louis, 84 Mo. 203, where it is said (quoting from the reported syllabi): "A settlement made by the city auditor with the gas company is, in the absence of fraud or mistake, conclusive as to the amount due by the city at the date of the settlement."

So that, as at present advised, we feel that we must attach to the action of the town council of Anson on September 6, 1912, the same legal consequences that should be attached to like action on the part of an individual, or any other species of corporation.

[2] So concluding, we are of the further opinion that under the circumstances the further action of appellee's town council in attempting to annul the settlement of September 6th was unauthorized. It is true that ordinarily a town or city council may rescind its previous acts before the rights of third persons have vested. See Dillon on Municipal Corporations, vol. 1, § 290. But in the case before us the account under consideration was duly presented to the town council, was considered, and formally received and adopted and acted upon by the mayor and city secretary by formally issuing a warrant in appellant's favor for the balance due him, as shown in the stated account, and this warrant was fully paid by the town treasurer before any attempted rescission took place. It is not alleged in appellee's petition in this case that such consideration and adoption of appellant's report was induced by any fraud, or that the result was brought about through inadvertence or mistake, nor can effect be given the oral testimony of one or more of the aldermen that they understood the action and order of September 6th as a mere reception of the account. See City of Dallas v. Beeman, 18 Tex. Civ. App. 335, 45 S. W. 626; 1 Dillon on Municipal Corporations, §§ 298, 299. The transaction, therefore, assumed the form of a completed settlement between the parties beyond their power of further control. Clearly appellant, after the settlement of September 6th, and after he had received payment of the city warrant issued in his behalf, could not thereafter, without an allegation of fraud, accident, or mistake, have instituted suit and recovered fees and commissions for the services specified in the account other or greater than then allowed him. The account, as we have more than once stated, seems then to have been duly rendered, acted upon, and finally settled, and the binding obligation of the settlement we think mutual, and precludes the appellee town from now claiming that appellant's services were of less value than stated in his original account, or that it could against appellant's consent rescind the settlement made. See Horan v. Long, 11 Tex. 230; Henry v.

Chapman, 16 S. W. 543; Gillian v. Alford, 69 Tex. 267, 6 S. W. 757; H. & T. C. Ry. Co. v. McCarty, 94 Tex. 298, 60 S. W. 429, 53 L. R. A. 507, 86 Am. St. Rep. 854; Brown v. Winterport, 79 Me. 305, 9 Atl. 844; 28 Cyc. 340, par. G; 1 Cyc. p. 443, par. 7, and authorities cited in notes.

There is a suggestion in behalf of the appellee town that the payment made appellant was improperly made out of a special fund, and the payment was made without an express order of the council, as required by an ordinance of the town offered in evidence. But the formal action of September 6, 1912, seems to have been accepted by the mayor and city secretary and by the town treasurer as a sufficient order on the part of the council to authorize the payment made. It is not charged that these officers acted in bad faith, and nothing is shown in the record forbidding the payment out of the improvement fund. Moreover, the suggestions affect only the item of $73.44, and in no way affect the conclusive effect of the settlement of September 6, 1912. See City of Tyler v. Jester & Co., 97 Tex. 344, 78 S. W. 1058, 1059.

We conclude that the judgment should be reversed, and here rendered for appellant, that the town of Anson recover nothing herein, and that appellant go hence without day recovering his costs.