## BYRENS v. McARTHUR. (No. 7164.)

(Court of Civil Appeals of Texas. San Antonio. May 22, 1924.)

**1. Payment ⬰⇒59—Employer's defense of money paid which was not credited on salary contract can be raised only by special plea.**

In an action for salary on employment contract defense of money paid to plaintiff constituted a special plea coming under affirmative relief, or plea of payment, defense which can be raised in the first instance under a special plea, and not under general denial.

**2. Master and servant ⬰⇒80(10) — Judgment for salary sustained.**

Conflicting evidence, including defendant's statement that he could not determine how much he owed plaintiff, *held* to sustain judgment for $742 salary on an employment contract.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by R. A. McArthur against Harry Byrens. Judgment for plaintiff, and defendant appeals. Affirmed.

Slay, Simon & Smith and Charles B. Stewart, all of Fort Worth, for appellant.

Capps, Cantey, Hanger & Short, W. D. Smith, and Warren Scarborough, all of Fort Worth, for appellee.

COBBS, J. Appellee filed this suit against appellant to recover on an employment contract the sum of $1,400, for salary or wages. Appellant answered by a general demurrer and general denial. The case was tried before the court without a jury, and the court entered a judgment in favor of appellee for $742.

The court made no separate findings of fact, but based the judgment upon the recited findings made in the judgment:

"And the court, after hearing the testimony finds that the plaintiff, R. A. McArthur, had a contract of employment with the defendant, Harry Byrens, by the terms of which the said McArthur was to receive the sum of $100 per month as compensation for his services. The court further finds that the said McArthur worked for said Byrens under the said contract of employment from the 16th day of January, 1922, until on or about the 10th day of February, 1923. The court further finds that said McArthur is entitled to compensation for his services rendered during said time in the sum of $1,270, and that the said Byrens has paid to said McArthur as part payment for said compensation the sum of $528, leaving a balance due said McArthur from the said Byrens for his services rendered, as herein stated, the sum of $742.00."

[1] The contention of the appellant that the trial court did not give him credit upon the judgment for money paid out to appellee while appellee was in Young county is nothing more nor less than a special plea coming under the head of affirmative relief or a plea of payment. Such a defense cannot be raised, as in this case, under a general denial, but must be raised in the first instance by a special plea, which was not done here. Marley v. McAnelly, 17 Tex. 658; Hander v. Baade, 16 Tex. Civ. App. 119, 40 S. W. 422; Gardner v. Avery Manufacturing Co., 117 Wis. 487, 94 N. W. 292. In the latter case, which is somewhat similar to this case, it is held:

"That plaintiff was employed and did work for the payment named is not substantially disputed; that the defendant agreed to pay him as much as he had been paid by previous employers, and that he had been so paid at the rate of $75 a month, is testified to by the plaintiff, and is not denied by any witness, the evidence of the defendant being confined to proof that $50 per month was the limit of reasonable value of such services. From these facts the indebtedness found by the referee results. The reduction thereof by further payments was not justified by the pleadings, for no plea of payment, in whole or in part, appears in the answer; but, if such deduction was favorable to the appellants, it need not now be reviewed. Even if the rate of compensation of $50 per month, testified to by defendant's witnesses, were adopted, still the plaintiff would have earned an amount in excess of the payments admitted in the complaint greater than the amount of the judgment, and such judgment could not be erroneous as against the defendant, although other payments might have been made which it neglected to plead."

See Lot v. Achilles, (Tex. Civ. App.) 27 S. W. 587; Dallas v. Beeman, 18 Tex. Civ. App. 335, 45 S. W. 626.

[2] This was mainly a fact case, in which the real issue and contention was as to the amount due appellee for services rendered, under the alleged contract of employment. The evidence was conflicting upon all the issues as to the amount of compensation that appellee was entitled to under the contract, as well as to the credits or amount already paid appellee. Appellant himself testified:

"I am not able to determine how much I owe Mr. McArthur, or how much I owed him."

And we think the judgment of the trial court is sustained by the evidence.

This case was fairly tried, and, substantial justice having been done, the judgment of the trial court is affirmed.