ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 25, 2007

The Honorable Mike Jackson
Chair, Committee on Nominations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. GA-0577

Re: Assessment and collection of impact fees for
land platted after June 20, 1987 (RQ-0587-GA)

Dear Senator Jackson:

On behalf of the City of League City, Texas (the "City"), you ask questions regarding the assessment and collection of impact fees.[1] Specifically, you inquire "[w]hether the assessment and collection of impact fees for land platted after June 20, 1987 [are] controlled by the provisions" of section 395.016(b) of the Local Government Code. Request Letter, *supra* note 1, at 2; *see also* TEX. LOC. GOV'T CODE ANN. § 395.016(b) (Vernon 2005) ("This subsection [395.016(b)] applies only to impact fees adopted before June 20, 1987, and land platted after that date."). If the assessment and collection are controlled by section 395.016(b), you then ask whether "the City [is] prohibited from assessing impact fees at a time other than 'before or at the time of recordation' of a subdivision plat." Request Letter, *supra* note 1, at 2.

You explain that "[o]n or about January 12, 1984, the City, . . . a home-rule municipality, . . . adopted an ordinance providing for the assessment and collection of capital recovery fees for the 'construction, design and inspection of General Benefit Facilities for water and wastewater.'"[2] *Id.* at 1. You go on to explain that the fees have "been increased a number of times since the adoption of the original ordinance through various ordinances amending the original ordinance," most recently in July of 2006. *Id.*

Based on these facts, we understand the focus of your primary question to be whether the City's current impact fees constitute "impact fees adopted before June 20, 1987" as provided in

---

[1]*See* Letter from Honorable Mike Jackson, Chair, Committee on Nominations, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Apr. 30, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Impact fees are sometimes referred to by other names such as "capital recovery fees" and "subsequent user fees." *See* TEX. LOC. GOV'T CODE ANN. § 395.001(4) (Vernon 2005) (providing that the term "impact fee" includes "capital recovery fees" or other fees that function as described in section 395.001(4)); R. Alan Haywood & David Hartman, *Legal Basics for Development Agreements*, 32 TEX. TECH L. REV. 955, 966–67 (2001) ("Depending on the locality, these fees may be referred to as 'subsequent user fees,' 'capital recovery fees,' or 'impact fees.'").

section 395.016(b). To provide context for your questions, we first review relevant statutory background and terms.

## I.    Statutory Background

Effective June 20, 1987, the Legislature established a statutory scheme governing the imposition of impact fees by municipalities and other governmental entities, now codified at chapter 395 of the Local Government Code. *See* Act of May 25, 1987, 70th Leg., R.S., ch. 957, §§ 1–11, 1987 Tex. Gen. Laws 3245, 3245–55; TEX. LOC. GOV'T CODE ANN. ch. 395 (Vernon 2005 & Supp. 2006). An impact fee is generally described in one Texas case as a charge "on new development to pay for new public facilities that become necessary as the result of city growth in a particular area." *DeSoto Wildwood Dev., Inc. v. City of Lewisville*, 184 S.W.3d 814, 820 n.3 (Tex. App.—Fort Worth 2006, no pet.); *see also* TEX. LOC. GOV'T CODE ANN. § 395.001(4) (Vernon 2005) (defining the term "impact fee").

One step in implementing an impact fee program under the state scheme is the assessment and collection of the fees. Section 395.016(f) defines "assessment" to mean "a determination of the amount of the impact fee in effect on the date or occurrence provided in this section and is the maximum amount that can be charged per service unit of such development." TEX. LOC. GOV'T CODE ANN. § 395.016(f) (Vernon 2005). The term "collect" refers to the time the governmental entity receives payment of the fees. *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 243 (11th ed. 2005) (defining "collect" to mean, among other things, "to receive payment"); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."); TEX. LOC. GOV'T CODE ANN. § 395.024 (Vernon 2005) ("funds collected through the adoption of an impact fee shall be deposited in interest-bearing accounts").

Section 395.016 provides varying times that impact fees may be assessed and collected, dependent largely on when the fees are adopted and when the land is platted.[3] *See* TEX. LOC. GOV'T CODE ANN. § 395.016 (Vernon 2005). For instance, section 395.016(b), the statute upon which your question is based, provides for impact fees adopted before June 20, 1987, and land platted subsequent to that date:

> This subsection applies only to impact fees adopted before June 20, 1987, and land platted after that date. For new development which is platted, . . . the political subdivision may *assess* the impact fees before or at the time of recordation. Except as [otherwise] provided, . . . the political subdivision may *collect* the fees at either the time of recordation of the subdivision plat or connection to the political

---

[3]The timing of assessment and collection of impact fees may also depend on the type of capital improvement project undertaken, whether services are currently available, and whether there is any agreement between the political subdivision and landowner as to the collection of impact fees. *See* TEX. LOC. GOV'T CODE ANN. §§ 395.018–.019 (Vernon 2005).

subdivision's water or sewer system or at the time the political subdivision issues either the building permit or the certificate of occupancy.

*Id.* § 395.016(b) (emphasis added).

## II.    Analysis

On behalf of the City you ask whether section 395.016(b) governs the City's assessment and collection of impact fees. Your request indicates that the City questions whether it is subject to subsection (b) because the City had impact fees in place prior to 1987. *See* Request Letter, *supra* note 1, at 1.[4] We understand the argument to be that the City's actions after June 20, 1987, do not take the City out of the purview of subsection (b). We do not agree.

On its face, subsection (b) applies only "to impact fees adopted before June 20, 1987, and land platted after that date." TEX. LOC. GOV'T CODE ANN. § 395.016(b) (Vernon 2005). The meaning of the phrase "impact fees adopted" in subsection (b) is pivotal in answering your question. The term "impact fee" is defined, in relevant part, as a "*charge or assessment imposed by a political subdivision against new development.*" *Id.* § 395.001(4) (emphasis added). Thus, the term refers to the dollar amount imposed on new development.

The term "adopted" is not defined in chapter 395. Accordingly, we look to the plain and common meaning of the term to understand its significance in the context of section 395.016(b). *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005); *Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 865 (Tex. 1999). A Texas court has defined "[t]he word 'adopt' [to] mean[] 'to take or receive as one's own what is not so naturally; to select and take and approve.'" *City of Dallas v. Beeman*, 45 S.W. 626, 628 (Tex. Civ. App.—1898, writ dism'd); *see also* BLACK'S LAW DICTIONARY 32 (6th ed. 1991) (defining "adopt" to mean, among other things, "[t]o accept, consent to, and put into effective operation; as in the case of a constitution, constitutional amendment, ordinance, court rule, or by-law"). Revisor's notes scattered throughout state law indicate the word "adopt" encompasses various terms including "promulgate," "formulate," and "prescribe." *See* TEX. HEALTH & SAFETY CODE ANN. § 753.002 revisor's note (Vernon 2003); TEX. OCC. CODE ANN. § 262.102 revisor's note (Vernon 2004); TEX. TRANSP. CODE ANN. § 722.004 revisor's note (Vernon 1999).

Based on the statutory definition of "impact fee" and the ordinary meaning of "adopt," we conclude that impact fees adopted, in the context of subsection (b), refers to the approval and imposition of the fee dollar amount. You inform us that the City increased its impact fees

---

[4]*Accord* Brief from Ian P. Faria, of Coats, Rose, Yale, Ryman, & Lee, P.C., on behalf of Cervelle Custom Homes, L.L.P., to Honorable Greg Abbott, Attorney General of Texas, at 6 (June 7, 2007) (on file with the Opinion Committee) ("The Opinion Request notes some uncertainty in the interpretation of Section 395.016 where a city, such as League City, has adopted impact fees before June 20, 1987 and later amended the amount of those fees.").

subsequent to June 20, 1987. *See* Request Letter, *supra* note 1, at 1.[5] Thus, the fee amounts about which you ask were approved and imposed at a time outside the bounds of subsection (b).

Because the assessment and collection of the City's impact fees are not governed by subsection (b), we need not answer your second question.

---

[5]We recognize that chapter 395 contains procedures that govern the adoption and amendment of impact fees. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. §§ 395.041–.058 (Vernon 2005). You do not ask and we do not opine on whether the City's current fees were made in compliance with these procedures.

## S U M M A R Y

A municipality's assessment and collection of impact fees are not governed by Local Government Code section 395.016(b) when the municipality approves and imposes the impact fee dollar amounts after June 20, 1987.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee