## City of Dayton, Kentucky, et al. v. Board of Education of Dayton, Kentucky.

(Decided October 11, 1918.)

Appeal from Campbell Circuit Court.

1. Municipal Corporations—Records of Public Corporations—Evidence.—The only competent evidence of the acts of a public corporation, which is required by law to keep a record of its proceedings, is the record, in the absence of parol proof that a record was made, but has been lost or destroyed.

2. Mandamus—How Invoked.—The writ of mandamus can not create a legal duty, but can only be invoked to compel the performance of a duty, which has already been imposed.

3. Appeal and Error—Statement of Facts—Bill of Exceptions.—An agreed statement of facts subscribed by the parties, and identified by an order of court, and certified by the clerk, does not have to be embraced in a bill of exceptions, in order to entitle it to be considered upon an appeal to the Court of Appeals; and in

the absence of a motion for a new trial, the Court of Appeals is authorized to determine whether the evidence supports the judgment.

HUBBARD SCHWARTZ for appellants.

FRANK V. BENTON for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The city of Dayton is a city of the fourth class and is governed by the provisions of the charter for cities of that class. The board of education of the city instituted this action against the members of its board of council and sought a writ of mandamus against them, to require them to make a levy upon the taxable property of the city, sufficient to raise the sum of $18,800.00, which it was alleged to be necessary to defray the expenses of maintaining the common schools of the city, and in constructing, repairing and acquiring necessary buildings, therefor, and liquidating the current expenses of the schools for the year, 1918, and the further sum of $1,200.00, which, it was alleged, was necessary to be raised and had during the year, to pay the interest on bonds to the amount of $5,000.00, which were outstanding against the board of education, and to create a sinking fund to pay the principal of the bonds, which would become due in 1923. The bonds were issued, in the year, 1903, to pay expenses incurred for the construction, improvement and acquisition of buildings and property for the use of the schools. The $1,200.00 desired was reduced by subsequent pleadings, and the demand on account of money to pay interest on, and create a sinking fund to discharge the outstanding bonds was reduced to $800.00. It was alleged, that in accordance with section 3595, Ky. Statutes, the board of education did, within thirty days prior to the time, prescribed for the levy of taxes, to be made, in cities of the fourth class, "approximately ascertain" the amount of money necessary to be used to defray the expenses of maintaining the schools, improving and constructing buildings, etc., thereof, and to liquidate the liabilities of the management and operation of the schools for the current fiscal year, and to pay the interest on and provide a sinking fund to liquidate the outstanding bonds, and had reported the same, together with the estimated sum to

be received from the common school fund of the state, and other assets in the hands of the board of education available for the purposes named, and had delivered such report to the city clerk, who had presented same to the board of council, but that the board of council, instead of levying a tax sufficient to pay the sums demanded by the board of education, had adopted an ordinance, whereby there was levied a tax of fifty cents upon each $100.00, of the assessed valuation of the property, in the city, for all purposes, for which the board of education had demanded the levy of taxes, and that such levy was insufficient by the sum of $2,536.20, to meet the necessities of the board of education, as set out in their report, and demand, to and of the board of council. The board of council, by its answer, denied, that the board of education had approximately, or at all, ascertained, the sums necessary to be used, during the year, 1918, in defraying the expenses of maintaining the schools of the city or improving or constructing buildings, etc., thereof, or to liquidate the liabilities during the year, or that the sum of $1,200.00 or any sum, would be necessary to pay the interest on the bonded indebtedness, outstanding, or to create a sinking fund, to pay the principal of the bonds, together with a statement of resources available, for the purposes above named, or reported same to the city clerk, or that the city clerk had reported same to the board of council. Other grounds of defense were offered, in other paragraphs of the answer, but, it will not be necessary to consider them. A statement of facts was agreed to and reduced to writing and subscribed by the parties, and filed in the action. An order was duly entered, upon the record, showing the filing of the agreed statement of facts, and a further order was made, showing that the parties agreed to submit and permit the action to be tried upon the pleadings and statement of facts.

The court adjudged, that the defendants, members of board of council, be required to levy and provide for the collection of a tax upon the taxable property of the city of such a rate, as would be sufficient to raise the sum of $18,800.00, as requested by the board of education to defray the expenses during the year, 1918, of maintaining the common schools, which are under its control, or so much thereof as a tax rate of fifty cents

upon each $100.00 valuation of taxable property, in the city, for the fiscal year, 1918, would produce and to raise the sum of $800.00 for the purpose of paying the interest for the current year, on the bonded indebtedness of the board of education and to provide a sinking fund for the payment of the principal of the bonds, at maturity. The members of the board of council, excepted to the judgment of the court, and prayed an appeal from the judgment to this court.

It seems, that previous to the institution of the action, the board of council had enacted an ordinance levying a tax of fifty cents, upon each $100.00, assessed value of the taxable property, to defray the expenses of the board of education in maintaining the common schools, and also to pay interest on bonds and to create a sinking fund for their liquidation, at maturity.

The appellee insists, that there is nothing in the record to be considered by this court, except the sufficiency of the pleadings to support the judgment, as there is no bill of exceptions, and hence the agreed statement of facts, which is a substitute for the testimony of witnesses heard in court, is not a part of the record, and hence can not be considered. The proceeding is an action at law, but, a bill of exceptions is not necessary to have each and every question considered upon appeal. The bill of exceptions is for the purpose of presenting to this court, alleged errors, with reference to matters, which transpired in the trial court, and which do not appear upon the record book of the trial court. In Postal Telegraph Cable Co. v. Louisville Cotton Oil Co., 136 Ky. 843, it is said: "It is not necessary to put in the bill of exceptions the pleadings, orders of court, or any motion or paper, that is mentioned in the orders of court as having been offered or filed as a part of the record, although it may not be copied on the record book, as the fact, that it is there mentioned is sufficient evidence of its identification to make it a part of the record for this court, when copied by the clerk, accompanied by his certificate." In Broadway & Newport Bridge Co. v. Com., 173 Ky. 165, it was held, that where a case had been tried, in the circuit court, upon an agreed statement of facts, which was reduced to writing, and showed to have been filed, in open court, by an

order of the court entered upon the record, it became a part of the record, and that it was not necessary to be incorporated in a bill of exceptions, in order to entitle it to be considered upon appeal, when copied by the clerk and accompanied by his certificate. The agreed statement of facts is identified by the order of court, showing its filing, and the order showing its considera-tion, by the court below, as definitely, as any pleading in the case is identified. There was not, it is true, any motion for a new trial, made in the circuit court, but, if the evidence is contained in the record, this court may determine, whether the evidence sufficiently supports the judgment, in the absence of a motion for a new trial. Henderson v. Dupree, 82 Ky. 678; Broadway & New-port Bridge Co. v. Com., 173 Ky. 165. The only error complained of is the rendition of the judgment. Hence, the objection to the consideration of the agreed state-ment of facts, as a part of the record, is not well taken.

The only question presented by the record, as it is made up, is whether the pleadings and evidence are suf-ficient to support the judgment. The petition seems to be sufficient. The only issue presented in the pleadings, which will be considered, is the one relating to the ap-proximate ascertainment of the needs of the board of education, together with a statement of its available resources, and the report of same to the board of coun-cil. When such ascertainment is made and reported to the board of council, as required by section 3595, Ky. Stat., the legal duty is then imposed upon the coun-cil to make a levy of taxes sufficient to meet the de-mands of the board of education, within the rates of levy permitted by law, unless the board of council can show that the members of the board of education acted cor-ruptly or in bad faith, or that they embraced in their demands, items, which are not authorized by law. City of Owensboro v. Board of Trustees, 10 R. 40; Provose v. Board of Education of Christian County, 120 S. W. 307; Fiscal Court of Logan County v. Board of Education, 127 S. W. 527; Board of Education of Bowling Green v. Townsend, 140 Ky. 248. The demand, however, must be a proper one, and to be a proper one, it must be made after an approximate ascertainment of the needs of the board of education, and an ascertainment and estimated statement of the resources of the board, on hand, or to

be received from sources other than city taxation, and available to be supplied to the lawful needs of the board, and a presentation of a report containing a statement of the needs and resources, to the board of council. This is a requirement of the statute, and the best of reasons for it, are not far to seek. The board of council has no discretion, in the matter of the sums it must provide for the board of education to use for the purposes connected with the schools, named in the statutes. Hence the actions of the board of education should have some publicity, and be fixed in records, which may be inspected by the people who are called upon to bear the taxation. Section 3588 Ky. Stat., provides that the board of education, in cities of the fourth class, shall constitute a body-politic and corporate; that a majority elect of the board shall constitute a quorum to do business; and for the appropriation of money or the execution of a contract, the concurrence of two-thirds of the members of the board shall be indispensable, and the yeas and nays shall be entered of record. It, further, provides, that: "The meetings of said board shall be held in some public place, and a correct record of its proceedings shall be kept in a book provided for the purpose, which shall be a public record." Where a public corporation is required to keep a record of its proceedings, the record is the only competent proof of its actions, or at least, is such until it is shown that a record was made, but has been lost or destroyed. 17 Cyc. 506. It speaks only by its records. The agreed statement of facts shows, that the only record made by the board of education, with reference to such matter, is as follows: "Chairman Tieman of the finance committee, then submitted budget for the year, 1918, copy of which will be found attached herewith." Hence, there is an entire absence of any competent evidence which proves, that the board of education ever made an "approximate ascertainment," of its needs or resources, or ever by any action, ascertained or fixed the amount, for which it desired or was entitled to have a levy made, and there is likewise an entire absence of proof of any kind, that the board ever made any ascertainment of its needs or resources, or requested the board of council to make any levy of any kind. The agreed statement of facts shows, that the paper mentioned above as having been

attached to the minutes of the board, was not subscribed by any one, but the original of that paper was at some time or other subscribed by the chairman and secretary of the board, and the chairman of the finance committee, and delivered to the city clerk, who presented it to the board of council. This evidence, however, fails to show, that the board ever adopted the contents of the paper called the "budget," or authorized its transmission to the city clerk; neither was any record made of its contents. The most, which the evidence shows, is that those subscribing the report made an ascertainment of the board's needs and resources, and demanded of the board of council to make a levy, but the evidence affirmatively shows, that the board of education never did either of those things. Before any legal duty was imposed upon the board of council to make a levy, the board of education must have made the approximate ascertainment of its needs and resources and made the report to the board of council, as required by section 3595, Ky. Stat. and the only way, in which the board of education could accomplish such results, was by making its records show them, as section 3588, *supra*, provides. If it was competent to prove by oral evidence, that the "budget" mentioned in the minutes of the board, was the statement of its needs and resources, and its demand for a levy, the record affirmatively shows, that the board of education never adopted the statement in any way, nor authorized any report of it to the board of council. While it is true, that as a general rule, technical particularity in the keeping of its records is not required of a subordinate board, but an entire failure to make a record can not be overlooked, as it can speak only through its records. The writ of mandamus can not be invoked to compel the performance of an act, unless the law enjoins its performance. It can not create a duty, but can only be invoked to compel the performance of a duty already imposed by law. Lowe v. Phelps, 14 Bush, 642; Norman v. Board, etc., 93 Ky. 567. No legal duty is enjoined by law upon the board of council to make a tax levy for school purposes, until the board of education has made an ascertainment of its needs and resources and made a report of same to the Board of council, as required by section 3595, Ky. Stat., and in the manner provided by section 3588, *supra*, and never

having done so, it was error to award the writ against the members of the council to require them to make a tax levy.

This conclusion, however, does not invalidate the levy which the board of council did make for the year, 1918, as it could waive a regularity of the demand.

The judgment is therefore reversed, and cause re-manded for proceedings not inconsistent with this opinion.