## CRABB et al. v. UVALDE PAVING CO.
### (No. 1036—5228.)

Commission of Appeals of Texas, Section B. Jan. 22, 1930.

Upon appeal the Court of Civil Appeals reversed the judgment of the trial court and rendered the same in favor of defendant in error.

It appears that in July, 1925, the town of University Park adopted an ordinance ordering certain designated streets to be paved, and provided for the levying of a certain portion of the expense against abutting property owners. August 4, 1925, was fixed as the date for the hearing of objections by such property owners. The hearing was not held on the date specified, but was postponed by the council until August 7, at which time plaintiffs in error appeared before the council and presented their protests and objections to the paving of the streets upon which their property was situated.

It is shown by the findings of the jury that after the protests were made the mayor and one member of the city council, in open meeting of the council, informed plaintiffs in error that if the property owners did not want the paving in front of their property the town did not want it, and the matter would be dropped; that if the city should decide to proceed any further with the paving project, plaintiffs in error and other interested property owners would be given opportunity to make further objections, and that notice of such hearing would be given them by letter; that plaintiffs in error were led to believe that the project had been dropped, and gave the matter no further thought.

It was shown that on July 8, 1926, plaintiffs in error Crabb and Phillips learned for the first time that their protests had been overruled at a meeting of the council on September 15, 1925, and the paving ordered to proceed, and that the paving was then almost completed; that they had no notice that their protests had been overruled, and a contract had been entered into with the paving company at that time. The minutes of the city council showing what occurred at the first meeting at which plaintiffs in error made their protests are as follows: "The city council was called to order by Mayor J. Fred Smith. Aldermen Giles, Lewis, Hall, Gillion and Montgomery were present. The hearing on the Crescent Parkway, Front Street and Shenandoah were opened, and property owners gave their views as to the matter. Messrs. Stanley Crabb, A. C. Cason, John Muse and Doctor Cave made objections to the assessment as given in the notices sent out to property owners. It was moved, seconded, and carried, that the hearing of the property owners on the paving of these streets in St. Andrews Place be left open until after thirty days."

The minutes of the meeting of September 15, 1925, show the following proceedings: "The city council of University Park met in regular session, with Mayor J. Fred Smith presiding. * * * The hearing on the

Smithdeal, Shook, Spence & Bowyer, of Dallas, for plaintiffs in error.

Lanham Croley, of Dallas, for University Park.

Holland, Bartlett, Thornton & Chilton and Oscar D. Montgomery, all of Dallas, for defendant in error.

LEDDY, J. Plaintiffs in error obtained a judgment restraining the town of University Park from issuing paving certificates which would constitute liens on property belonging to them.

Front Street, Shenandoah Street and St. Andrews Drive paving assessments which had been opened on August 4 and was continued to August 7 and at the meeting of August 7 had been continued for thirty days was closed by unanimous vote."

It appears that at the meeting of the city council of September 15th an ordinance was introduced, and afterwards passed, providing for letting the contract to pave the designated streets, for levying a tax against the abutting property owners, and issuance of paving certificates for the amount of the tax. The certificates authorized provided that such tax should be a lien against the property abutting on the streets to be paved.

Plaintiffs in error insist that because of the conduct of the city officials they were deprived of the right to have instituted a suit in the district court within 20 days after the overruling of their protests to set aside the action of the city council in fixing a lien against their property to secure such paving certificates, and therefore all such proceedings are wholly void.

 Official action of a city in matters of this kind can only be taken by its duly constituted governing body. Minutes of the proceedings of such body are required by law to be kept and recorded for the inspection of any person whose rights may be affected thereby. Article 1000, Rev. St. 1925, makes it the duty of the city secretary to attend every meeting of the city council and keep and record accurate minutes of all the proceedings of such council.

It is generally settled that such records are competent evidence of the corporate proceedings of the legislative or governing body and are conclusive of the facts therein stated. City of Dallas v. Beeman, 18 Tex. Civ. App. 335, 45 S. W. 626; Kerr v. City of Corsicana (Tex. Civ. App.) 35 S. W. 694; Wagner v. Porter (Tex. Civ. App.) 56 S. W. 560; McQuillin on Municipal Corporations, vol. 2, p. 1358, § 621; Dillon on Municipal Corporations (5th Ed.) § 556; 22 C. J. p. 1085, § 1424; 43 C. J. p. 516; 19 R. C. L. p. 902, § 202.

McQuillin, in his work on Municipal Corporations, vol. 2, p. 1358, very clearly states the reason for the rule in the following language: "The law requires a record to the end that those who may be called to act under it may have no occasion to look beyond it; to avoid the mischief of leaving municipal corporate action to be proved by parol evidence; to make it certain that rights which have accrued under such actions shall not be destroyed or affected by the always fallible and often wholly unreliable recollection of witnesses, however truthful and intelligent they may be."

██ If the property holders involved in this case had not been given proper notice and a hearing accorded them, no jurisdiction would have been acquired by the city of the subject-matter, and its effort to levy an assessment and fix a lien against the property involved would have been futile. It being shown, however, that the property holders were accorded a hearing, after proper notice, the city acquired jurisdiction over the subject-matter; hence the paving certificates ordered to be issued were not void.

We agree with the conclusion of the Court of Civil Appeals that the situation presented by the proof offered by plaintiffs in error is analogous to one where a court has acquired jurisdiction of the parties to a suit and a judgment is procured against one party through misleading statements made by the other or by the court. Under such circumstances the judgment so rendered is not void, but merely voidable. Our views on this question are correctly expressed by the Court of Civil Appeals in the following portion of its opinion: "The situation would be similar to proceedings in a court where a judgment by default is taken against a defendant, contrary to an agreement that he should have notice when his case was called. The judgment rendered in such cases, even when procured by fraud, is not void for lack of jurisdiction in the court, but only voidable. Murchison v. White, 54 Tex. 78; Mikeska v. Blum, 63 Tex. 44; Crawford v. McDonald, 88 Tex. 632, 33 S. W. 328. It may be that in this instance the appellees were unfairly deprived of their right of appeal; but that unfairness does not render the final action of the city council void for lack of power to pass the ordinance and levy the tax complained of. As in the case of unfair judicial proceedings, the aggrieved party may be entitled to relief, when application therefor is made before the rights of third parties become involved. 6 Pomeroy, Equity Jur. § 650. But, when the statutory requirements essential to the exercise of jurisdiction have been complied with, a judgment procured by unfair methods will not be disturbed, where to do so would cause injury to innocent third parties. De Garcia v. S. A. & A. P. Ry. Co. (Tex. Civ. App.) 90 S. W. 670; Martin v. Robinson, 67 Tex. 368, 3 S. W. 550, 557. A court of equity will not, in such cases, cause an injury to one innocent party in order to relieve another whose rights are no greater. The principle applied in judicial proceedings is not different from that which should control in the disposition of this case."

██ After making the above statement, the Court of Civil Appeals says: "The innocent third party in this instance is the Uvalde Paving Company, one of the appellants. It took the contract to make the street improvements, and completed the work under the terms of an ordinance which the council had the power to adopt, *and without notice of any deception or bad faith.*" (Emphasis ours.)

We do not think the latter conclusion is sustained by the record. It was not disputed that Mr. Bell, an active official of the Uvalde Paving Company, was present at the council

meeting on August 7th, and the evidence offered by plaintiff in error tended to show that he was in position to hear the statements made to the property holders by the mayor and a member of the city council. It is true he denies hearing any such statements, but this evidence merely raised a conflict for the jury to solve.

The paving company recognized that the evidence raised the issue as to whether its official had notice of the misleading statements found by the jury to have been made by members of the council to the property holders, by requesting the court to give in charge to the jury the following special issue: "If you find that at the meeting of the Town Council on Aug. 7th, 1925, the plaintiffs were told that they would be notified before any further action with reference to the proposed paving would be taken by the council, you will answer the following question; but if you have not so found you need not answer the same: Did F. F. Bell, before the Uvalde Paving Company began the construction of the paving of Crescent Parkway and Shenandoah Avenue, know that the plaintiffs were told that they would be notified before any further action with reference to such project would be taken by the Town Council?"

The issue thus sought to be submitted was duly raised in plaintiffs in error's pleading, it being averred therein that the paving company had notice of the deception practiced upon the property holders because one of its officials was present at the time. The issue thus presented was material and the judgment must be reversed because of the refusal thereof. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Robinson v. Ætna Life Ins. Co. (Tex. Com. App.) 276 S. W. 900; article 2190, Rev. St. 1925.

If plaintiffs in error had instituted a suit to prevent the issuance of the paving certificates in question because of the action of members of the city council in misleading them so as to deprive them of exercising their statutory right of appeal before the paving company acquired any rights in the subject-matter, we think a court of equity would have been justified in granting them relief.

▮ The paving company clearly had the right to rely upon the regularity of the records and proceedings of the city council, inasmuch as such body had duly acquired jurisdiction over the subject-matter. City of Dayton v. Board of Education, 181 Ky. 574, 205

S. W. 678; Dunn v. City of Cadiz, 140 Ky. 217, 130 S. W. 1089; Roberts v. Improvement District, 156 Ark. 248, 245 S. W. 489; Mayhew v. Dist., 13 Allen (Mass.) 129; Stevenson v. Bay City, 26 Mich. 44; Chippewa Bridge Co. v. City of Durand, 122 Wis. 85, 99 N. W. 603, 106 Am. St. Rep. 931; City of Belleville v. Miller, 257 Ill. 244, 100 N. E. 946. But there being evidence offered tending to show that one of its officials had actual knowledge that the city officials had informed the property holders the paving project would be dropped and if any further action should be taken they would be notified thereof, it was the duty of such company, in the absence of anything of record to the contrary, to ascertain whether the property holders had in fact been notified that the project would be proceeded with.

If upon another trial it be determined that the property holders were misled by statements made by city officials and thereby deprived of the right of appeal, which they would otherwise have asserted, and the paving company through its official had notice of such deception, plaintiffs in error are entitled to the relief sought.

▮▮ In view of another trial, we express the view that plaintiff in error Cave would not be estopped because of his knowledge that the pavement was being laid in front of his property, if it be found that he notified the paving company's foreman, in charge of such construction work, at the beginning thereof, that he had not authorized the paving of his property and if it was put down it was done at the peril of the company. Under the circumstances, notice to such representative would be notice to the company. Sharum v. City of Muskogee, 43 Okl. 22, 141 P. 22; Temple Electric Co. v. Halliburton (Tex. Civ. App.) 136 S. W. 584; Fort Worth, etc., Co. v. Brown (Tex. Civ. App.) 173 S. W. 943.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed and the cause remanded for another trial.

CURETON, C. J. Judgments of the Court of Civil Appeals and the district court both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.