LESLIE, Justice.
The Realty Trust Company, owner of a certain obligation secured by paving lien evidenced by a certificate of the same, institut *323 ed this suit against J. E. Lindsey and wife and others to recover a special assessment! for paving, and to foreclose the lien. The defendants Lindsey and wife answered by general demurrer, special exceptions, a general denial, and a special answer. The exceptions were overruled, and at the conclusion of the trial, which was before the court without a jury, a judgment was rendered in favor of the plaintiff, establishing the obligation and foreclosing the lien. Prom this judgment the Lindseys only have appealed.
By an election ordered by the city council of the city of Haskell on September 16, 1020, and held October 23, 1920, the returns of which were canvassed, and the results declared on the 1st of November, 1920, the qualified, taxpaying voters of the city adopted the provisions of chapter 11, title 22, R. S. 1911 (Acts 1909), now chapter 9, title 2S, Vernon’s Ann. Civ. St., relating to special paving assessments by cities and towns. The obligation, or assessment, evidenced by the paving certificate in this suit, and the paving in question, was done under and by virtue of the authority of chapter 108, Acts of 1927, Pirst Called Session of the 40th Legislature, now article 1105b, Vernon’s Ann. Civ. St. The city authorized the paving in question notwithstanding the qualified voters of the city of Haskell, on October 23, 1920, adopted the benefits of the provisions of the prior statute in accordance with article 1101, R. S. 1925.
There are several points presented by the record, but the appeal will be disposed of on what we deem the controlling question. It is presented by a group of assignments by which the contention is made that the assessment against 'the defendants’ property was made without notice that the city was about to take such action. The assessment does not purport to have been made under the prior statute, or Acts of 1909, now article 10S6 et seq., R. S. 1925.
It is conceded by all parties to this litigation that legal notice to the property owners was, under the law and ordinance, a prerequisite to the validity of the assessment and lien sought to be established and foreclosed. Crabb v. Uvalde Paving Co. (Tex. Com. App.) 23 S.W.(2d) 300. Legal notice was essential to a valid assessment and lien, regardless of whether the same was made under the former or subsequent act of the Legislature.
The duty of giving notice was placed by the ordinance of the city of Haskell upon the city secretary. The statute relating to notice in such cases is found in section 9, art. 1105b, supra. A pertinent portion thereof reads as follows:
“No assessment herein provided for shall be made against any abutting property or its owners * ⅞ * until after notice and opportunity for hearing as herein provided. * * * Such notice' shall be by advertisement inserted at least three times in some newspaper published in the city where such special assessment tax is to be imposed * * * at least ten days before the date of the hearing. If such notice shall describe in general terms the nature of the improvements for which assessments are proposed to be levied and to which such notice relates, shall state the highway, * ⅜ * shall state the estimated amount * * * per front foot proposed to be assessed against the owner * * * of abutting property and such property on each highway * * * with reference to which hearing mentioned in the notice is to be held, and shall state the estimated total costs, * * * shall also state the amount proposed to be assessed therefor, and shall state the time and place at which such hearing shall be held then such notice shall be sufficient, valid and binding upon all owning * * * abutting property. * * *
“And the only defense to any such assessment in any suit to enforce the same shall be that the notice of hearing was not published or did not contain the substance of one or more of the requisites therefor herein prescribed. * * * ”
The ordinance of the city relating to notice of assessment, hearing, etc., is as follows:
In article V: “That such assessments shall be made after notice to such property owners and all interested persons, after the hearing herein mentioned. * * * ”
In article VIII: “That the hearing shall be given to said owners, their agents, or attorneys and to any person, or persons interested in said improvements before the city council * * as provided by Chapter 10G of the General Laws passed by the 40th Legislature of Texas and the ordinance of the city of Haskell, and said hearing shall be had on the Sth day of March, 1928, at 7:00 o’clock P. M. in the council room at the city hall in the city of Haskell, Texas.”
In article IX: “That the city secretary of the city of Haskell is hereby authorized, ordered and directed to give notice to said property owners * * and to all interested persons of said hearing as prescribed by the provisions of Chapter 106 of the General Laws passed at the First Called Session of the 40tih Legislature, particularly Section 9 *324 thereof, and the ordinance of the city of Has-kell, and such notice shall be by advertisement inserted at least three times in a newspaper published in the city of Haskell, the first publication to be made at least ten days before the date of the hearing,”
In view of the foregoing ordinance and the statute relating to notice, we sustain the contention that the assessment was levied without the required notice thereof. The only act done by the city secretary in the performance of his duty under the ordinance was the publication of a copy of the city ordinance designed to initiate the proceedings looking to the paving of the street and the assessment of the cost thereof against abutting property and owners thereof. The instrument published contained no introductory or other statement that it was in fact, or even purported to be, a notice given by the city secretary of proceedings about to be taken to establish assessments as provided in the ordinance. It merely indicated that a prescribed notice of assessment would, or should, be given by the city secretary prior to any attempt on the part of the city to assess an obligation against property, or property owners for paving, etc. For aught that appears in the publication, it may have been inserted in the paper as a news item by the editor, some interested individual, the secretary of the Chamber of Commerce, or any one interested in the move, or the information that the city wás about to adopt or pursue a paving program. Upon its face, the instrument published was a copy of the ordinance only, and, as notice under the statute, or ordinance, it did not address itself to the owners of the property to be assessed either by name, or by class, or group of persons interested therein.' It was addressed to no one as a notice originating in a legal source and being transmitted by a lawful and designated agent or authority.
 It is fatal to the notice that it was given in the name of nobody authorized by the statute or ordinance to give the same. Of course, the ordinance as published was signed by the mayor, but neither the statute nor the ordinance required his signature as a part of legal notice, and hence his signature gave it no validity as notice. The ordinance as published is signed by the city secretary below and to the left of the mayor’s signature in this form: “Attest: Marvin II. Post, City Secretary [City Seal].” This language and the signature by the secretary has no significance whatever as relating to notice. It suggests no thought of notice. 1 Words and Phrases, First Series, page 628; 1 Words and Phrases, Second Series, page 362; 6 C. J. p. 55-1. The last authority states that the word “attest” means: “To bear witness to; to bear witness to a fact; to affirm to be true or genuine; to act as a witness to; to certify; to certify to the verity of a copy of a public document; formally by signature ; to make solemn declaration in words or writing to support a fact; to signify by subscription of his name that the signer has witnessed the execution of the particular instrument. * * * ”
Whether this attesting act of the secretary be regarded as certifying to the validity of the ordinance, or merely that the may- or signed it-in his presence, in neither senscr does it purport to be an effort on his part to give notice to a landowner that an assessment was about to be made against his property, and that a hearing would be had at a definite time and place. Hence the conclusion that no notice was given in the name of anybody charged with the duty of giving it. As said in 46 O. J. 555: “A notice which is given in the name of nobody is inoperative. Notice required by law must be given, or caused to be given, by the person authorized to do so and by none other. * ‡ ”
In the same text, page 561, on the subject of Sufficiency of Notice or Advertisement, it is said: “Sufficiency of Notice or Advertisement: The general rule is that, when notice is required by publication, it must be directed to the person by name, who is required to be notified. Under a statute providing in general terms for notice by publication to nonresident landowners, a notice addressed to the ‘nonresident owners of the following lands’, describing the lands, without addressing the owners by name is sufficient- * * ⅝ ”
Further, on page 557 in the same text it is said: “A statute directing the manner of serving a notice must be strictly complied with, especially where the notice affects property rights, or where it is to form the basis of a suit.”
In the instant case, and in accordance with the specific directions of the ordinance, the city secretary was “ordered and directed to give notice to said property owners,” etc. It has been held that, if the statute required notice to be addressed to the owners of land within a district, a notice not addressed to any one is defective. Hopkins v. Mason, 42 How. Prac. (N. Y.) 115; Page & Jones, Taxation by Assessment, vol. 2, § 751. It is believed that the same rule should obtain where such requirements are found in *325 a city ordinance relating to such notice. Especially is this true since the ordinance in the instant ease is in harmony with the statute authorizing assessments and improvements.
 From the foregoing, it is apparent that the prerequisite legal notice of assessment was not given. The mere publication of the copy of the ordinance was not even a substantial compliance with provisions of the statutes and the ordinance, and it was therefore without legal effect. The proceedings taken by the city council thereafter and based upon such notice wore void. The obligation of the assessment sought to be established and the lien sought to be enforced are invalid. Without the notice required, the city of Haskell acquired no jurisdiction of the subject-matter, and its effort or attempt to fix the lien against the defendants’ property was void. Crabb v. Paving Co. (Tex. Com. App.) 23 S.W.(2d) 300. It follows that the judgment of the trial court should be reversed and judgment here rendered: in favor of the appellants, the Lindseys.
We base our decision upon the above proposition that the city of Haskell endeavored to make the assessment and fix the lien without notice. Except in its relation to notice, we have not discussed the application of chapter 106, Acts of 1927, First Called Session of the 40th Legislature, now article 1105b, Yernon’s Ann. Civ. St., to the facts of this case, nor the validity of the assessment and lien by virtue of that statute. In West Texas Const. Co. v. Doss, 59 S.W.(2d) 86C, we held this statute applicable and available to the city authorities, notwithstanding the qualified taxpayers had theretofore in the city of Colorado adopted the provisions of chapter 11, title 22, R. S. 1911 (Acts 1009), and now chapter 9, title 28, Vernon’s Ann. Civ. St., or articles 1086 to 1096, both inclusive, and articles 1104 and 1105, Vernon’s Ann. Civ. St.
In the city of Colorado case, as in the case of city of Haskell, the city’s adoption of the 1909 paving act had not been withdrawn or repealed at the) date of the paving, or the attempt to make the assessment, etc.
The appellee Doss applied for a writ of error in that case, and the Supreme Court granted same upon the third assignment reading as follows: “The C. C. A. erred in its holding that chapter 106, Acts of 1927, was in force in the city of Colorado, by virtue of. proceedings recited to have been had under such Act, because such Act of 1927 specifically provides that its powers and provisions are alternative to those contained in articles 1086 to 1096, and articles 1104 and 1105, R. S. 1825, which expressly were not repealed by the act of 1927; and the provisions of chapter 9, Title 28, R. S. 1925, having been previously adopted by the City of Colorado, and not repealed, amended or modified, the act of 1927 could not be in force until the prior Act, in conflict therewith, was repealed.”
The application for the writ of error and the particular assignment was supported by special reference to and discussion of the statutes mentioned in this decision in connection with the following authorities: Herring v. City of Mexia (Tex. Civ. App.) 290 S. W. 792 (writ refused); City of Beaumont v. Fall, 116 Tex. 314, 291 S. W. 202; 43 C. J. p. 564; City of San Antonio v. Micklejohn, 89 Tex. 79, 33 S. W. 735; Huff v. City of Wichita Falls, 121 Tex. 281, 48 S.W.(2d) 580; Wichita Falls Building & Loan Ass’n v. Cowling (Tex. Civ. App.) 50. S.W.(2d) 837. That case is now pending in the Supreme Court. If the final conclusion of the Supreme Court in that case declares the above notation in granting the wilt to be a sound proposition of law, then the same rule would apply in the instant ease and constitute an all-sufficient reason for reversing and rendering the judgment of the trial court, as this court has done for another and different reason as above stated.
Further than indicated, we believe it would be unprofitable to enter into a discussion of the applicability of the above statutes to the facts in this case. That particular point is definitely before the Supreme Court in the Doss Case, and, since we have concluded that there was an absence of legal notice rendering the attempted assessment and lien void, the judgment of the trial court is reversed, and judgment here rendered for the appellants.