## B. F. GOODRICH RUBBER CO. v. TOWN OF COLLINSVILLE.

### No. 12087.

Court of Civil Appeals of Texas. Dallas.

Jan. 9, 1937.

Rehearing Denied Feb. 6, 1937.

584

Ungerman & Ungerman, of Dallas, for appellant.

Hamp P. Abney, of Sherman, for appellee.

BOND, Justice.

The B. F. Goodrich Rubber Company filed this suit on February 23, 1935, against the Town of Collinsville, upon a written contract executed by the mayor and secretary of said municipality. The contract was dated September 14, 1931, and called for the delivery of 500 feet of fire hose, at a price of $1.05 per foot, payable one-half on January 1, 1933, and one-half on January 1, 1934.

The plaintiff alleged that the fire hose was delivered to the defendant in accorddance with the contract, accepted by it, and has been continuously in its possession and use for the sole purpose and benefit of its citizens; that on April 18, 1934, the mayor of the town advised the rubber company that "the council wants to pay the account in full just as soon as we get the money," and that thereafter, on May 3, 1934, the defendant paid $50 on the account, leaving a balance due of $475.

The defendant defended the action on the ground that the mayor and secretary were unauthorized by the city council to enter into the contract sued on, and further alleged that the cause of action was barred by the two-year statute of limitation (Vernon's Ann.Civ.St. art. 5526). The trial court sustained both contentions of the defendant and rendered judgment, denying plaintiff any recovery.

Obviously, the contract sued on is wholly within the power of the municipality and within the power of the city council to execute, and one which the mayor and city secretary could be authorized by the council to enter into in behalf of the municipality. On its face is evidenced its validity and the furnishing of fire hose, which, manifestly, was a dire necessity for the welfare of the Town of Collinsville. The city council accepted the fire hose, took it into their possession, and the town has been enjoying its use for municipal purposes ever since, and has paid $50 on the contract of purchase, thus recognizing the contract made by the mayor and secretary.

In accepting the benefits and otherwise recognizing the contract, although illegally and defectively made by its mayor and secretary, the case, we think, presents an unauthorized execution only, and affords a basis for the application of the doctrine of ratification. For a municipality to ratify an unauthorized contract, made for purposes clearly vested in it, the rule is that it is only necessary for the governing body to have full knowledge of all the material terms and provisions of the contract, and that it agree to such terms and conditions.

Municipal contracts which are not void, but defectively executed by some officer or body or board, which had no authority to act because the power to make the contract resided in some other officer, or because the authority to act had not been expressly conferred upon such officer or body by ordinance, are such as may be ratified by the acts and conduct of the governing body of such municipality. Its agreement may be manifested by its acts and conduct. The contract in question, we think, comes clearly within this rule.

When the fact of the contract came to the knowledge of the city council and they elected to accept the fire hose, instead of returning it, and attempted to carry out the terms and provisions of the contract by the payment of part of the consideration, they ratified the contract as made by the mayor and secretary, and the town is estopped to deny its validity. If the officials of the town saw fit to remain silent and permit the full performance of the contract by the rubber company, it ought not, in good conscience, be heard, after re-

ceiving such benefits, to say that the contract was defectively executed, and, for that reason alone, refuse to pay for the goods received.

In the case of Sluder v. City of San Antonio (Tex.Com.App.) 2 S.W.(2d) 841, 844, the court says: "The rule thus firmly established by the courts of this state rests upon the obligation of a municipality to do justice when it has received money, property, or services of another. Under such circumstances, the plainest principles of justice require that it should not be permitted to receive and retain the benefits of a contract without paying the reasonable value thereof." We are in accord with such pronouncement; accordingly, the judgment of the lower court is reversed and here rendered in favor of appellant for the sum of $475, with interest as provided by law.

Reversed and rendered.