## INTERSTATE MATERIALS CORPORA-
## TION v. CITY OF HOUSTON.
### No. 12251.

Court of Civil Appeals of Texas.
Galveston.

Feb. 1, 1951.

Rehearing Denied Feb. 22, 1951.

Elledge, Elledge, Urban & Elledge and Carlyle W. Urban, all of Houston, for appellant.

Will Sears, City Atty., R. H. Burks, Asst. City Atty., both of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Interstate Materials Corporation, for the specific performance of a written contract dated December 29, 1943, under the terms of which the City agreed to lease certain property to appellant and in which appellant was given the option to purchase the property on the termination of the lease upon the making of certain payments.

In a trial before the court judgment was rendered that appellant take nothing by its suit for specific performance. At the request of appellant, findings of fact and conclusions were prepared and filed by the trial court.

The option agreement in the lease contract reads:

"Lessee shall have the option to purchase said property at the end of the four-year term, that is, on December 1, 1947, provided the Lessee shall have complied with all of the terms of this agreement and shall have annually paid in advance the rental provided for in Paragraph II above, and when Lessee exercises said option Lessee will pay to the City the sum of Eight Thousand One Hundred and No/100 ($8,100.00) Dollars on December 1, 1947, and Lessor will then execute a general warranty deed to Lessee conveying the hereinabove described property."

Appellant paid the four annual payments of $3,250.00 provided for in the contract when they came due; it paid the state and county taxes on the leased property and kept it insured as required by the contract.

On October 9, 1947, appellant's attorney wrote to the Director of Treasury of the

City of Houston and notified him of its election to exercise its option to purchase the leased property and stated that appellant would pay the $8100.00 provided for in the lease contract on December 1, 1947. In this letter appellee was requested to prepare a form of deed conveying the property and to submit it to appellant's attorneys for approval. The Director of the Treasury acknowledged receipt of the letter and notice of appellant's election to exercise its option to purchase by letter dated October 13, 1947, and in its reply stated that the city's legal department had been requested to prepare the form of deed and to submit it to appellant's attorney for approval.

The city furnished abstracts of the property for examination by appellant's attorney. On December 1, 1947, appellant's attorney went to the city hall and attempted to close the purchase of the property and was told by the City Attorney that no deed had been prepared.

The Mayor of the City of Houston testified by deposition that he thought the price too low and that he had told the legal department that if there was any legal way of getting out of it, he thought the city should do so.

By letter dated November 15, 1943, the Director of the Treasury of the City of Houston informed the Houston City Manager that the property had been appraised by an office appraisal for $18,110.00 and by two outside appraisals for respectively $17,500.00 and $14,400.00, and an original appraisal of the property by A. D. Foreman in the amount of $17,500.00, and by M. A. Rowe in the amount of $13,400.00 were introduced in evidence. The City Attorney testified by deposition that during the latter part of 1943 the City Council had appointed A. D. Foreman and M. A. Rowe to appraise similar property in the same neighborhood.

Revenue Officer for appellee's city testified that he had located the original appraisals in his files and that he had requested Foreman and Rowe to make the appraisals upon the request of the City Comptroller.

■ Section 9, Article VII of the Charter of the City of Houston provides that the City of Houston shall have the power to lease any real estate or interest therein owned by it, but that the City Council shall not have the power to sell or dispose of any real estate or interest therein, or make any mineral lease of land belonging to the City, except by ordinance adopted by a vote of two-thirds of the Council and in all sales or leases in which the price or money rental is in excess of Five Thousand ($5,000.00) Dollars the property shall be first appraised by two qualified appraisers appointed by the Council, their report in writing to be filed with the Council for its consideration.

On December 29, 1943, the City Council of the City of Houston passed an ordinance approving the contract under consideration. A copy of the ordinance was sent to appellant's attorney. The material part of the ordinance read:

"Section 3: The City Council appointed two qualified appraisers to appraise the heretofore described property and their report, in writing, was filed with and considered by the City Council prior to the execution of said lease in accordance with Section 9, Article VII of the City Charter."

While the written appraisals by Foreman and Rowe were found in the city files, no record was ever found showing the formal appointment of these men by the Council to appraise the property.

The City Secretary testified that she was present at the council meeting but that the only record she could find of the appointment of the appraisers was a pencil memorandum made by her at the time of the transaction.

In the case of Crabb v. Uvalde Paving Company, Tex.Com.App., 23 S.W.2d 300, the facts and the principles involved are similar in all material respects to those in the instant case. In that case certain property owners brought an action to have certain paving certificates declared invalid. The Court in its opinion held that the paving company had the right to rely upon the regularity of the records and proceedings of the city council because such records are

competent evidence of corporate proceedings of the governing body and are conclusive of the facts therein stated. The Court held that the absence of the ordinance was only an irregularity rendering the lease voidable, and since the city had accepted benefits it was estopped to deny the validity.

■ The case of B. F. Goodrich Rubber Company v. Town of Collinsville, Tex.Civ. App., 101 S.W.2d 583, 584, involved the purchase of hose which had been delivered, accepted, and used by the city. The city defended on the ground that the Mayor had no authority to make the contract. The Court in its opinion held that in accepting the benefits and otherwise recognizing the contract, although illegally and defectively made by its Mayor and Secretary, the case presented an unauthorized execution only and afforded a basis for the application of the doctrine of ratification. Continuing, the Court said:

"Municipal contracts which are not void, but defectively executed by some officer or body or board, which had no authority to act because the power to make the contract resided in some other officer, or because the authority to act had not been expressly conferred upon such officer or body by ordinance, are such as may be ratified by the acts and conduct of the governing body of such municipality. Its agreement may be manifested by its acts and conduct."

Paragraph VIII of the contract under consideration provides that "Lessee shall not sub-lease or assign the demised premises without first having obtained the consent of Lessor in writing."

It is undisputed that after payment of the last annual payment due under the contract on December 1, 1946, the contract was assigned by appellant on December 30, 1946, to Tiffin E. Johnson, Jr., and Joe K. Burch. The assignees did not go into possession or make any use of the property. On October 9, 1947, the city was notified of the assignment but made no objection to the assignment and sent the notice on to the legal department with the request to prepare the deed to appellant. After the assignment was objected to by the city, the contract was immediately reassigned to appellant and the City Attorney was notified that a deed re-conveying the property to appellant would be accepted.

In its findings-of-fact, the trial court found that no objection was made to the assignment by appellee's City of Houston or any of its agents, or representatives, prior to December 2, 1947.

The assignment of a contract without the consent of the assignors is prohibited under Article 5237, Revised Statutes of 1925.

In the case of Forrest v. Durnell, 86 Tex. 647, 26 S.W. 481, 482, the Court in construing said Article 5237 held that "Under the statute, persons renting lands or tenements stand as would they, in the absence of such a statute, under contract containing covenants against sublettings or assignments; and, on violation of the statute, the rights and remedies of parties are the same as would they be under such covenants, for under the statute they are implied. Such remedies, however, a landlord may waive".

In the case of Guadalupe-Blanco River Authority v. City of San Antonio, 145 Tex. 611, 200 S.W.2d 989, 998, which involved a lease by the City of San Antonio which provided that lessee could not assign the lease without the consent of the city, there had been an assignment to which the city had consented, but in this suit the city contended that the lessee had failed to divulge the full consideration it had received for the consignment and that such failure constituted fraud. The city sought to cancel the assignment. The Supreme Court of this state in its opinion said:

"The purpose in requiring the consent of the City to the assignment was to retain in the City the right to determine with whom it would have to deal in securing performance of the contract. The City was in nowise interested in the consideration to be received by GBRA for the assignment, and it suffered no injury by reason of the fact that it was not informed as to the full consideration therefor."

In the instant case, appellant, the original lessee, had fully performed its part of the contract prior to the assignment, in-

cluding the payment of rentals amounting to $13,000.00 which, under the terms of the contract, it had a right to have applied on the purchase price of the property. It had notified the city that it desired to exercise the option in its own name, or in the name of its assignee. The city had made no objection to the assignment, though it had received notice thereof.

The recent case of Nardis Sportswear v. Simmons, 147 Tex. 608, 218 S.W.2d 451, 454, 219 S.W.2d 779, involved facts similar in many respects to those in this case. It has, we think, determined the law to be applied in the instant case. The Nardis Sportswear case involved a lease contract which contained both a prohibition against an assignment without consent, and an option to buy the property at any time during the term of the lease. The lessee corporation was dissolved and the stockholders thereafter made an assignment of its assets, specifically assigning the leasehold interest in the lease. The option was exercised in the name of the corporation; not in the name of the assignee. In a suit for specific performance, the lessor contended that the dissolution worked an assignment to the stockholders by operation of law contrary to the covenant in the lease. In an appeal from the judgment for the defendant, which was affirmed by the Court of Appeals, the Supreme Court in reversing and remanding the case with instructions to award specific performance, said:

"The covenant against assignment in the lease does not provide for a forfeiture in the event of assignment. Furthermore, Simmons' (lessor) actions in accepting the rents after the dissolution of the corporation and the assignment of the lease clearly disclose that it was not his intention to forfeit the lease. If the contract gave him the right to forfeit the lease, it was waived by him. Henshaw v. Texas Natural Resources Foundation, Tex.Sup., 216 S.W.2d 566."

In the instant case the contract was fully performed by appellant and tender of payment of the option price of $8,100.00 was made by it, as well as all annual payments due prior to the assignment. No objection was made to the assignment, though lessor had been notified that deed would be accepted conveying the property to either the appellant or the assignee. If there was any valid assignment of the contract, it has since been re-assigned to appellant, and appellant was the sole person entitled to receive the conveyance from appellee.

It follows, we think, that this case, having been fully developed in the trial court, and the contract having been fully performed by appellant, the judgment of the trial court must be in all things reversed and judgment here rendered in favor of appellant, Interstate Materials Corporation, and against appellee, City of Houston, granting specific performance of said option provision under the terms of said contract as prayed for by appellant.