United States Court of Appeals,

Fifth Circuit.

No. 96-40658.

Barry MALLEK, et al., Plaintiffs,

Barry Mallek, Plaintiff-Appellant,

v.

The CITY OF SAN BENITO, A Local Governmental Body and Political Subdivision of the State of Texas;  The City Commission for the City of San Benito, Texas, Defendants-Appellees.

Sept. 17, 1997.

Appeals from the United States District Court for the Southern District of Texas.

Before DUHÉ and BARKSDALE, Circuit Judges, and COBB,[1] District Judge.

DUHÉ, Circuit Judge:

Plaintiff-Appellant Barry Mallek appeals the dismissal—through two partial summary judgments and one judgment as a matter of law—of his wrongful termination claim against Defendant-Appellee City of San Benito, Texas.  For reasons that follow, we vacate and remand.

I.

On 26 March 1992, Barry Mallek received from Carla Schuller, acting City Manager for the City of San Benito, a telefax letter confirming Mallek's acceptance of a job offer as Chief of Police

---

[1]District Judge of the Eastern District of Texas, sitting by designation.

for the City of San Benito.[2]  On 7 April 1992, Mallek was publicly introduced to the San Benito City Commission as the City's new Chief of Police.  The Commission voiced no objection or disapproval to Mallek's appointment at that time.  After the introduction, the Commission convened in executive session allegedly to discuss Mallek's appointment.  The Commissioners took no formal vote in executive session nor did they pass a resolution or ordinance approving or disapproving of Mallek's appointment.

Mallek assumed his duties as Chief of Police on 22 April 1992, subsequent to which several newly-elected members of the Commission took office.  In the execution of his duties, Mallek spoke out to the City Manager, the police officers, the media, and the citizens of San Benito of alleged violations of law occurring in an area known as Skid Row. On 30 April 1992, the City Attorney sent Mallek a letter stating that Schuller, as acting City Manager, had no authority to extend to him an offer of employment.  Nevertheless, Mallek continued to perform his duties, and the City paid him accordingly.  On 5 May 1992, the reconstituted Commission met for the first time, and following another executive session, offered Mallek a contract with terms less favorable than those offered in

---

[2]Pursuant to this offer, Mallek (1) had an indefinite term of employment with pay guaranteed for two years;  (2) was given $42,500/year in salary;  (3) could be terminated only upon conviction of a felony;  and (4) was entitled to severance pay equal to two years' salary if he was terminated for reasons other than conviction of a felony.

Schuller's letter.[3]  Mallek rejected the Commission's offer, believing he already had a valid employment contract pursuant to the March 26 letter.  Thereafter, Mallek was removed from the City's payroll and was discharged from his position as Chief of Police.

Mallek filed suit in state court, alleging breach of contract, violation of the Texas "Whistleblower" Act, V.T.C.A. Gov't Code § 554.002(a) (Vernon 1994) (formerly Tex.Rev.Civ.Stat.Ann. art. 6252-16(a), § 2), and other state causes of action that he does not pursue on appeal.  The City moved for partial summary judgment on these claims.  Before the state court ruled on this motion, Mallek amended his complaint to allege causes of action under 42 U.S.C. § 1983, claiming that he was terminated (1) without procedural and substantive due process of law, in violation of the Fourteenth Amendment, and (2) in retaliation for exercising his right to free speech, in violation of the First Amendment.  Mallek also seeks fees under 42 U.S.C. § 1988 for these alleged violations.  The state court thereafter granted the City's motion for partial summary judgment on Mallek's state causes of action.  Mallek moved for reconsideration, and the state court granted Mallek's motion.

---

[3]Pursuant to the terms of the Commission's offer, Mallek (1) had an indefinite term of employment with pay guaranteed for one year;  (2) was entitled to $42,500/year in salary;  (3) could be terminated for cause;  (4) would receive severance pay equal to one year's salary if terminated without cause;  and (5) was required to become a certified Texas Peace Officer immediately, and to this end, (6) would receive three weeks of paid leave to study and obtain certification.

Before a hearing could be held, however, the City removed the case to federal district court for resolution of Mallek's federal claims. Following removal, Mallek again moved for reconsideration, but the federal district court declined to set aside the state court's summary judgment, erroneously citing *res judicata.*

Thereafter, the City moved for summary judgment on Mallek's federal claims. Because the state court granted summary judgment against Mallek on his contract claim, the federal district court reasoned that Mallek had no protected property interest in continued employment, and it thus granted the City's motion for summary judgment but only as to Mallek's Fourteenth Amendment/ §§ 1983 and 1988 claims. After two days of trial, the district court ordered judgment as a matter of law for the City on Mallek's First Amendment claims. Mallek timely appeals.

## II.

Because all of Mallek's claims stem from his allegation of breach of contract, we decide first whether the state court properly dismissed Mallek's contract claim on summary judgment. We assume appellate jurisdiction over the state court order of summary judgment in accordance with *Resolution Trust Corporation v. Northpark Joint Venture,* 958 F.2d 1313, 1316-17 (5th Cir.1992) (stating, "A prior state court order is in essence federalized on removal to the federal court.... If the federal court declines to reconsider the state court summary judgment [order], then the

4

federal court certifies that the rule is indeed consistent with Rule 56(c).") (citations omitted). This Court reviews a grant of summary judgment *de novo,* viewing the facts and inferences in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Resolution Trust Corp. v. Northpark Joint Venture,* 958 F.2d 1313, 1316 (5th Cir.1992) (stating that where prior state court order is summary judgment, federal court must ensure that order complies with the requirements of Fed.R.Civ.Pro. 56(c)).

The City bases its motion for partial summary judgment as to Mallek's contract claim on three grounds: (1) that Schuller's March 26 telefax letter cannot form the basis of a valid contract insofar as it was not made pursuant to the terms of the city charter; (2) that Article III, § 53 of the Texas Constitution prohibits payment for any contract "made without authority of law"; and (3) that Mallek failed to mitigate his damages when he refused the City's offer of employment. We address each in turn.

A.

The City's charter authorizes its Manager to appoint the Chief of Police, but only with the "advice and consent" of the City Commission. The City maintains that because it never passed a resolution or ordinance consenting to Mallek's appointment, it never gave its "advice and consent", which it insists is synonymous with *formal* ratification. We find the City's argument infirm.

5

The City charter states that the City Manager "shall appoint all appointive officers, except [the] city attorney, and [the] employees of the city, with [the] *advice and consent* of the city commission."  Charter of City of San Benito, Art. XXV, § 2 (emphasis added).  Unlike the myriad of other charter provisions that authorize action only by ordinance or formal resolution,[4] this provision authorizes action based more simply on the Commission's "advice or consent."  Where, as here, a city's charter expressly provides that certain actions shall be accomplished by ordinance, "[t]he implication is that matters which are not specifically required to be dealt with by ordinance may be dealt with otherwise."  *Barrington v. Cokinos,* 339 S.W.2d 330, 337

---

[4]*See, e.g.,* Art. I, § 8 (stating that power to lease, grant, sell, etc. public property is subject to enacting ordinance);  Art. VIII, § 1 (stating that ordinances relating to City's municipal court shall be amended or repealed by ordinance);  Art. IX, § 1(5) (stating that enforcement of fire proof roofing prescriptions to be by ordinance, rules, and regulations);  Art. IX, § 1(44) (stating that regulation of utility rates to be by ordinance);  Art. XII, § 1 (stating that creation of equalization and appraisement board to be by ordinance);  Art. XIII, § 3 (stating that grant of franchise possible only after franchise terms are published "in the form of an ordinance");  Art. XIX, § 1 (stating that construction of railroad shall be directed, regulated, and controlled by ordinance, resolution, or direction of Commission's duly authorized officers);  Art. XXVII, § 17 (stating that warrant for payroll to issue by ordinance);  Art. XXVIII, §§ 14, 17 (stating that regulation of certain utility-related matters to be controlled by ordinance);  Art. XXXI, § 8 (stating that "Commission shall by ordinance have power to make a special charge against owners of abutting property for such cost");  Art. XXXI, § 10 (stating that "Commission by ordinance shall provide for the issuance of assignable certificates covering the payment of such assessments");  and Art. XXXII, § 1 (stating that "Commission shall have power by ordinance to levy, assess, and collect an annual ad valorem tax").

(Tex.Civ.App.—Beaumont 1959), *aff'd,* 161 Tex. 136, 338 S.W.2d 133 (1960); *see also City of Kirbyville v. Smith,* 104 S.W.2d 564, 566 (Tex.Civ.App.—Beaumont 1937, no writ) (stating that unless city charter provides that city contracts be authorized by ordinance or resolution, city may make contract resting in parol). We therefore conclude that the Commission can lawfully consent to Mallek's appointment to Chief of Police by means other than a formal ordinance or resolution.

Even if we assume, *arguendo,* that Mallek's employment contract was defective, we recognize that Texas law provides that municipal contracts defectively executed " "may be ratified by the acts and conduct of the governing body of such municipality. [Such body's] agreement [to the contract] may be manifested by its acts and conduct.' " *Interstate Materials Corp. v. City of Houston,* 236 S.W.2d 653, 655 (Tex.Civ.App.—Galveston 1951, writ ref'd n.r.e.) (quoting *B.F. Goodrich Rubber Co. v. Town of Collinsville,* 101 S.W.2d 583, 584 (Tex.Civ.App.—Dallas 1937, no writ) (holding that a city that has accepted the benefits of a contract it maintains was defectively executed is estopped from denying the contract's validity)). Our review of the summary judgment record reveals that fact issues exist as to whether the Commission did, in fact, through its acts and conduct, give its "advice and consent" to Mallek's appointment. The following summary judgment evidence indicates that Mallek's claim should proceed: (1) Schuller, as

7

City Manager, and Mallek signed a written employment contract; (2) Mallek was introduced to several (if not all) of the members of the Commission as the new Chief of Police, and no member voiced an objection; (3) thereafter, on the same day, the Commission met in executive session and did nothing to dispel Mallek's belief that his employment contract was valid; (4) Mallek assumed the responsibilities and duties of Chief of Police and performed those duties for two weeks without objection from any member of the Commission; (5) Mallek was listed on the city's payroll sheets as the Chief of Police, and he was paid accordingly during his two weeks of service; and, (6) the city manager also appointed a fire chief and a city finance director, without the city council ever having taken any formal action to approve or disapprove either of those two appointments.

## B.[5]

The third basis upon which the City bases its motion for partial summary judgment is Mallek's failure to mitigate his damages by refusing the City's offer of employment. Mallek's duty to mitigate, however, does not include the duty to accept a new and different bargain with terms less favorable than those to which he had previously agreed. *Cf. Hadra v. Herman Blum Consulting Eng'rs,*

---

[5]In light of the foregoing discussion, we find unmeritorious the City's argument that it is entitled to summary judgment on the ground that Article III, § 53 of the Texas Constitution prohibits payment for any contract "made without authority of law." As we have discussed, fact issues remain as to whether the parties formed an employment contract made with authority of law.

632 F.2d 1242, 1245 (5th Cir.1980); *Hanna v. Lott,* 888 S.W.2d 132, 138 (Tex.App.—Tyler 1994, no writ).

The proposed contract offered by the City indeed offered terms less favorable than those offered in Schuller's contract. Under the City's proposed contract, Mallek was guaranteed only one year's salary, whereas under Schuller's contract, he was guaranteed two years' salary; under the City's contract, Mallek could be terminated for cause, whereas under Schuller's contract, he could be terminated only if convicted of a felony; and, finally, in the event of his termination, under the City's contract, Mallek was entitled to severance pay equal only to one year's salary and only if he was terminated for reasons other than cause, whereas under Schuller's contract, he was entitled to two years' salary as long as his termination resulted from reasons other than a felony conviction.

We conclude, therefore, that the City has failed to offer any grounds upon which its motion for partial summary judgment on Mallek's breach of contract claim can survive.

## III.

The Texas Whistleblower's Act prohibits a city from taking adverse action against "a public employee who in good faith reports a violation of law to an appropriate law enforcement authority." V.T.C.A. Gov't Code § 554.002 (Vernon 1994) (formerly Tex.Rev.Civ.Stat.Ann. art. 6252-16(a), § 2). The City's motion for

partial summary judgment on Mallek's whistleblower claim is predicated upon its allegations that (1) Mallek had not reported to the City any alleged violations of law; and (2) Mallek had no standing to bring this claim insofar as he is not a public employee.

The record reveals that fact issues exist as to whether Mallek reported any violations of law, and as we discussed, fact issues exist as to whether Mallek is, in fact, a public employee. We thus vacate the state court's summary judgment on this claim and remand for additional proceedings.

## IV.

Mallek maintains that the City terminated his employment without procedural and substantive due process and that it therefore unconstitutionally deprived him of his property interest in continued employment, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. Mallek also seeks fees under 42 U.S.C. § 1988. The City argues that Mallek's claim must fail insofar as Mallek has not established that the parties formed an employment contract and has therefore not established a property interest in continued employment. We are unpersuaded by the City's argument in light of our conclusion that fact issues exist as to whether Mallek and the City contracted for Mallek's employment. We therefore vacate the district court's summary judgment on Mallek's Fourteenth

10

Amendment claims and remand for additional proceedings.[6]

V.

Finally, Mallek maintains that the district court erred in granting judgment as a matter of law against him on his First Amendment claims.  We review a judgment as a matter of law *de novo.* *See Seven-Up Co. v. Coca-Cola Co.,* 86 F.3d 1379, 1387 (5th Cir.1996).

An essential element to Mallek's case is his allegation that he was fired for exercising his First Amendment rights. Recognizing this, the district court took Mallek's First Amendment claims away from the jury, reasoning that insofar as Mallek had not shown that he had been hired by the City, he could not show he had been fired by the City. In light of our conclusion that fact issues exist on this question of Mallek's employment status, we vacate the court's judgment as a matter of law and remand for additional proceedings.

VI.

In light of the foregoing, we VACATE AND REMAND.

---

[6]The City argues in the alternative that even if Mallek did have a property interest, his claim still fails insofar as (1) its termination process did not deny Mallek procedural due process, and (2) its decision to terminate Mallek was in accord with his substantive due process rights.  Because our review of the record reveals factual disputes on these issues, we are unpersuaded by the City's alternative arguments.